Archie BRIGGS et al., Plaintiffs, Appellants,

v.

John T. KERRIGAN et al., Defendants, Appellees.

Bonnie FAY et al., Plaintiffs, Appellants,

v.

Ray GAUTHIER et al., Defendants, Appellees.

Nos. 7518, 7542.

United States Court of Appeals, First Circuit.

Aug. 14, 1970.

Gershon Michael Ratner, Boston, Mass., and John Cratsley, Cambridge, Mass., with whom Nicola Smith, Mark Willis, and Stephen Rosenfield were on the brief, for appellants.

Raymond D. Battocchi, Atty., Dept. of Justice, with whom William D. Ruckelshaus, Asst. Atty. Gen., Herbert F. Travers, Jr., U. S. Atty., and Alan S. Rosenthal, Atty., Dept. of Justice, were on the brief, for Clifford Hardin, Secretary of Agriculture, and others, federal appellees.

Alan G. MacDonald, Deputy Asst. Atty. Gen., with whom Robert H. Quinn, Atty. Gen., was on the brief, for William G. Saltonstall, Chairman of the Board of

Education of the Commonwealth of Massachusetts, and others, state appellees.

Edith W. Fine, Assistant Corporation Counsel for the City of Boston, for John T. Kerrigan, Chairman of the Boston School Committee, and others, city appellees.

Paul F. Hennessey, Asst. City Solicitor for the City of Somerville, for Ray Gauthier, Chairman of the Somerville School Committee, and others, city appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

These suits seek to enjoin the operation of the school lunch programs in the Boston and Somerville school systems on the grounds that these programs violate the National School Lunch Act, 42 U.S.C. § 1751 *et seq.*, and the Equal Protection Clause of the Fourteenth Amendment. The alleged violation consists of providing school lunches to some relatively affluent students while failing to provide such lunches to other, needier students. The district court granted summary judgment against plaintiffs in both cases. We affirm on the basis of the district court's careful opinion in Briggs v. Kerrigan, 307 F.Supp. 295 (D. Mass.1969), adding only the following comments.

■ First, we think both cases were ripe for summary judgment. The undisputed evidence indicated that both Boston and Somerville provided lunches in all their high schools and junior high schools, but in only a few of their elementary schools. School officials, by deposition, explained this discrepancy on the grounds that elementary schools, being generally older and smaller than high schools, lacked the necessary facilities for preparing meals. Since the National School Lunch Act makes only limited provision for capital expense, *compare* 42 U.S.C. § 1759a *with* 7 C.F.R. §

210.6(b), providing additional facilities would require substantial expenditures of scarce local funds. Plaintiffs criticize aspects of this testimony as mere assertion and call for additional substantiation. However, the purpose of summary judgment is not to explore all the factual ramifications of the case, but to determine whether such exploration is necessary. When a motion for summary judgment has been properly made and supported, an adverse party must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ. P. 56(e). This plaintiffs have failed to do.

■ Second, we reject plaintiffs' assertion that an absolute need priority must be read into the statute in order to give effect to the Congressional intent. The statutory provision on which plaintiffs primarily rely requires state officials to disburse funds to individual schools "taking into account need and attendance". 42 U.S.C. § 1757. In our view, this language is addressed to cases in which the limited federal funds available under 42 U.S.C. § 1753 are insufficient to satisfy all the requests for aid from schools willing and able to participate. If, however, a school is unwilling to participate or unable because of a lack of facilities, we think § 1757 permits state officials to direct funds elsewhere. Certainly, § 1757 does not require officials to hold up the lunch program in schools throughout the state because a few relatively poor schools are unable to participate.

■ Third, the district court's disposition of plaintiff's equal protection claim has, in our opinion, been confirmed by the subsequent decision of the Supreme Court in Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L. Ed.2d 491 (1970). In *Dandridge*, the Court reiterated the proper standard for assessing social welfare programs:

"If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathemati-

cal nicety or because in practice it results in some inequality.' Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S.Ct. 337, 55 L.Ed. 369." 397 U.S. at 485, 90 S.Ct. at 1161.

Judged by this standard, the administration of the school lunch program in Boston and Somerville seems clearly valid. Schools are classified on the basis of whether or not they can be served by existing kitchen facilities. This classification is reasonable in the light of the substantial additional expenditure required to provide new facilities, especially since school officials in both cities have decided to include kitchens and lunchrooms in new elementary schools as they are constructed. Undoubtedly, classification on the basis of schools results in some inequality among children, but this inequality cannot be cured without additional taxation or diversion of school resources from other programs which may be equally important to the poor. These considerations illustrate the wisdom of the reminder in *Dandridge* that the Fourteenth Amendment does not require government either to attack a problem in its entirety or not at all. 397 U.S. at 486–487, 90 S.Ct. 1153.

Affirmed.