**In re DIGITAL EQUIPMENT CORPO-RATION SECURITIES LITIGATION.**

**Master File No. CA 83–3255–MA.***

United States District Court,
D. Massachusetts.

Nov. 5, 1984.

Stanley Grossman, Marc Gross, Pomerantz, Levy, Haudek, Block & Grossman, Robert S. Skirnick, Robert Kornreich, Wolf, Popper, Ross, Wolf & Jones, New York City, Glen DeValerio, Berman, DeValerio & Pease, Thomas G. Shapiro, Shapiro & Grace, Edmund C. Case, Testa, Hurwitz & Thibeault, Boston, Mass., for plaintiff.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

This case involves alleged violations of section 10(b) of the Securities Exchange Act of 1934 (the Act) (15 U.S.C. § 78j(b)) and Rule 10b–5 promulgated as a result of that Act (17 C.F.R. 240.10b–5). Jurisdiction is proper pursuant to 15 U.S.C. § 78aa.

The plaintiffs are individuals who purchased common stock or options to purchase the stock of defendant Digital Equipment Corporation (Digital) between August 9, 1983 and October 18, 1983, shortly before a major drop in value of Digital's stock. The plaintiffs' various claims have been consolidated in a single complaint. Briefly stated, the plaintiffs claim Digital issued false and misleading statements regarding (1) its projected sales of personal computers, as well as profits in the quarter ending October 1, 1983, and (2) its financial and operating condition.

Pursuant to a pre-trial order dated January 25, 1984, briefing has begun as to whether this Court should certify a class action. Digital has filed the following motions: (1) a motion to dismiss the complaint for failure to state a claim upon which relief can be granted; and (2) a motion to dismiss the optionholder claims for lack of standing. In support of its first motion, Digital has filed an affidavit by Bruce J. Ryan, its Acting Controller, which sets forth numerous relevant facts as to Digital's method of operating during the period in question. Digital explicitly states that it does not wish this Court to convert its motion into one for summary judgment, as permitted by Fed.R.Civ.P. 12(b). The plaintiffs oppose Digital's motion and have further moved to strike the Ryan affidavit. I address these motions below.

### I.   *Motion to Strike the Ryan Affidavit*

Since the statements contained in the Ryan affidavit might affect a decision on the other pending motions, I turn first to plaintiffs' motion to strike the affidavit. Under Rule 12(b)(6), if "... matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment...." Fed.R.Civ.P. 12(b)(6). I agree with the plaintiffs that it would be inappropriate at this stage of the pleadings for me to consider the facts contained in the affidavit. Digital has specifically requested that I refrain from converting its 12(b)(6) motion into a motion for summary judgment, as permitted under Fed.R.Civ.P. 12(b). Therefore, the affidavit is excluded at this time and the plaintiffs' motion to strike is granted.

### II.   *Motion to Dismiss the Complaint for Failure to State a Claim*

This Court's decision on whether the consolidated complaint states a claim is governed by *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) and *Jenkins v. McKeithen,* 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1968). The rule is that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355

U.S. at 45–46, 78 S.Ct. at 101–102. All factual allegations must be deemed admitted. *Jenkins*, 395 U.S. at 421, 89 S.Ct. at 1848. Further, the complaint must be liberally construed in favor of the plaintiffs. *Id.* *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 598–99 (1969).

This case involves a claim under Rule 10b–5 (the Rule) and section 10(b) of the Act.[1] There are three basic elements of a 10b–5 claim: (1) use of a jurisdictional means; (2) in connection with the purchase or sale of any security; (3) by any person to perform a prohibited act. 5 A. Jacobs, *The Impact of Rule 10b–5* § 36 at 2–4 (1980). The defendant has not and likely could not dispute the existence of the first element. Further, there is no dispute that at least some of the transactions involved the purchase of securities. Whether the optionholders' claims involved the purchase of securities within the meaning of the Rule is discussed below. For purposes of a 12(b)(6) motion, therefore, my focus must be on the third element of a 10b–5 claim, namely whether it is sufficiently alleged that a person has performed a prohibited act.[2]

■ The consolidated complaint presents only one count. The pertinent part of that count, for purposes of this memorandum, is the following:

Throughout the Class Period, Digital *knowingly* or recklessly *engaged in a plan, scheme and common course of conduct* to inflate the market price of its common stock and call options by *issuing false and misleading statements* concerning the company's financial and operating condition and outlook. Pursuant thereto, Digital issued the statements referred to in paragraphs 26 to 30 which contained *materially misleading information* which artifically inflated the price of Digital common stock and call options.

In ignorance of their false and misleading nature, plaintiffs and other members of the class *relied upon the false and misleading public statements* and on the integrity of the market when they purchased their Digital common stock and call options.

(Complaint, paragraphs 39, 40, emphasis added). Digital has argued at length that this fails to allege intentional misconduct. Digital's brief in support of its motion to dismiss focuses virtually exclusively on Digital's earnings projection and the reasonableness of that projection. I believe that Digital has misperceived the nature of the inquiry this Court must make on this motion. Digital's arguments would be appropriate and helpful to my decision on a motion for summary judgment. In the context of a 12(b)(6) motion, however, instead of looking at the reasonableness of the earnings estimate, I must look at all the several "key issues," namely (1) what conduct short of intentional deception, if any, satisfies the 10b–5 scienter requirement when an earnings estimate is the alleged misrepresentation; and (2) whether the fraud on the market theory should be approved in this Circuit. While I understand the defendant's desire to obtain an early ruling on what it believes will be the central issues of the case, I do not believe that I am at liberty to issue what would be at this time an advisory opinion on abstract questions of law. A 12(b)(6) motion serves only one purpose, and that is to test the legal sufficiency of the *allegations,* not of the evidence likely to be introduced at trial or on a motion for summary judgment. The plaintiffs have alleged that the defendant knowingly issued false statements of material fact and that the plaintiffs actually relied upon those statements. The only issue before me, and the only issue upon which I rule, is whether those statements, if true, form the basis of a claim under the Rule.

---

**1.** The text of the Rule is as follows:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

  (1) To employ any device, scheme, or artifice to defraud,

  (2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

  (3) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

**2.** Through its extensive briefs and letters, Digital has repeatedly requested that this Court rule on

alleged facts to determine whether they support the allegation that the statements were false, misleading, material, and that the plaintiffs might have relied upon them.

■ The complaint alleges that the following statements were made:

*Paragraph 26 (statements by Bertocchi):*

1. Fourth quarter order rates have improved.
2. There is an increased availability of products.
3. There is an increased demand for new and established products.
4. The demand is especially strong for automation products.
5. There has been a successful introduction of the very popular personal computers.
6. The corporation is anticipating improved operating results in fiscal 1984.

*Paragraph 27 (statements by Olsen):*

7. The corporation is well on its way to achieving sales projections of 100,000 personal computers sold by the end of the year.
8. Things have never been better.
9. There has been a slight drop off in earnings, but no layoffs.
10. He sees no real problems with "our business."

*Paragraph 28 (statements in 1983 Annual Report):*

11. Volume shipments of personal computers have been achieved.
12. There has been a recent improvement in the order rate.

*Paragraph 29 (Additional statements to the press on 9/27/83):*

13. Digital expects to sell 100,000 personal computers before the year's end.

*Paragraph 30 (Statements throughout the class period made to analysts and investors):*

14. The first quarter 1984 earnings would be equal to those achieved in the first fiscal quarter of 1983.
15. (Statements made by Mark Steinkrauss, Digital's manager of investor relations): "Our guidance to the street

had been it wasn't unreasonable to assume flattish results."

I note first that many of the above statements are so vague that even if knowingly made and false, they would not support a cause of action under the Rule. *See, e.g.,* statements number 1, 2, 3, 4, 5, 6, 8, 10, 11, and 15. Statement number 9, allegedly made by Kenneth Olsen, in fact cuts against the plaintiffs' argument since it contains a warning about a drop in earnings. Two of the remaining four allegedly false or misleading statements are also so vague that it is at least questionable whether they would support a 10b-5 claim. *See* statements number 7 and 12. Finally, then, the only two statements that the plaintiffs can point to as forming a likely basis for their claim are those numbered 13 and 14. I note that the truthfulness or falsity of statement 13 (that Digital expected to sell 100,000 personal computers before the year's end) could likely be resolved on a motion for summary judgment with the assistance of a re-filed Ryan Affidavit and any counter affidavits. As to statement number 14, that too could probably be resolved on a motion for summary judgment. I note that this, the clearest and most material of the alleged false statements, is the only one for which the plaintiffs have failed to specify a speaker or date. Having read the Annual Report and other documents furnished in connection with this motion, I note that this statement is out of character with the careful and general statements that the defendant usually issued to the public. Whether the statement was made, however, is an issue of fact that must await resolution at least until any motion for summary judgment.

Viewing the allegations in the light most favorable to the plaintiffs, it is clear that, if false and made with knowledge of falsity (as alleged in paragraph 39 of the complaint), statement 14 (that Digital's earnings for the first fiscal quarter of 1984 would be equal to those achieved in the first fiscal quarter of 1983) would be an untrue statement of a material fact within the meaning of 10b-5.

I reiterate that I do not and should not at this time consider the likelihood that the plaintiffs will be able to prove the requisite facts. At this stage of the pleading it is appropriate only to consider whether the complaint alleges *any* facts that, if true, could constitute a violation of the securities law. I find that the complaint states a cause of action under the securities law and therefore deny Digital's motion to dismiss for failure to state a claim.

### III. *Motion to Dismiss Optionholders' Claims for Lack of Standing*

■ Digital argues that the optionholders in this case lack standing to complain about the allegedly false statements. Digital bases its argument on two opinions, *Laventhall v. General Dynamics Corp.,* 704 F.2d 407 (8th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 150, 78 L.Ed.2d 140 (1983), and *In re McDonnell Douglas Corporation Securities Litigation,* 567 F.Supp. 126 (E.D.Mo.1983). Neither case persuasively supports Digital's position. Both cases involve a corporation's liability to option holders for "insider" trading occurring in connection with a failure to disclose material, non-public information in the corporation's possession. The *Laventhall* court discussed the lack of any fiduciary relationship between a corporation and optionholders and then stated:

> [P]laintiff fails to demonstrate that General Dynamics as an insider owed any special duty to the plaintiff who merely held an option to buy General Dynamics' stock from a third party. There simply existed no relationship of trust and confidence between the parties. As *Chiarella* makes clear, "liability is premised upon a duty to disclose arising from a relationship of trust and confidence between parties to a transaction."

*Laventhall,* 704 F.2d at 411–12, quoting *Chiarella v. United States,* 445 U.S. 222, 230, 100 S.Ct. 1108, 1115, 63 L.Ed.2d 348 (1980).

The other case cited by Digital, *In re McDonnell Douglas,* also deals only with nondisclosure. In its reply brief, Digital rather caustically refers to plaintiffs' counsel's role in an appeal from the *McDonnell Douglas* decision. Apparently both nondisclosure and affirmative misrepresentation claims were made in the course of that appeal. Defendant's Reply Brief at 3 n. 2. Although Digital cites a page of the brief in the appeal from the *McDonnell Douglas* decision, it has failed to give me a copy of the brief or the apparently unpublished appellate decision. Since the district court decision mentions only nondisclosure and insider trading claims, I find the decision inapplicable to this case. Even if Digital is correct that misrepresentation claims were involved in that case, I would, on the basis of other authority, respectfully disagree with a rule that deprives optionholders of standing in an affirmative misrepresentation case.

The better rule is one that recognizes that optionholders have standing to sue for affirmative misrepresentations. Most importantly, 10b–5 is phrased in terms of prohibited acts that occur in connection with the purchase or sale of "any security." Digital has admitted, as it must, that the Act specifically defines "security" to include options. Defendant's Reply Brief at 1–2. *See* 15 U.S.C. § 78c(a)(10) (1983). I also note that this Court has specifically held that optionholders have standing even in an insider trader situation. *Backman v. Polaroid Corp.,* 540 F.Supp. 667, 671 (D.Mass.1982). *See also Lloyd v. Industrial Bio-Test Laboratores, Inc.,* 454 F.Supp. 807 (S.D.N.Y.1978). Digital's motion to dismiss the optionholder claims for lack of standing is therefore denied.

### *Conclusion*

For the reasons stated above, the affidavit of Bruce J. Ryan is stricken; defendant's motion to dismiss the complaint for failure to state a claim is denied; and de-

fendant's motion to dismiss the optionholders' claims is denied.[3]

SO ORDERED.

## APPENDIX

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

Plaintiff

v.

Defendant

CIVIL ACTION NO.

Memorandum to Counsel

Subject: Motions for Summary Judgment and Analogous Motions to Dismiss

This memorandum concerns motions for summary judgment and motions to dismiss under Fed.R.Civ.P. 12(b)(6) that rely on matters outside the pleadings.[1]

In view of the heavy backlog of cases and the serious delay in disposition of cases that the backlog causes, I am asking your help in reducing what I have found to be a very substantial expenditure of the time of counsel and the court on motions that, after consideration, must be denied because some essential factual assertion is in dispute.

**3.** Given the rate at which the pleadings to date have multiplied, the increasingly perjorative tone of the pleadings, and the predictable course of extensive and expensive discovery, it seems appropriate to remind counsel of their responsibilities under Fed.R.Civ.P. 56. For guidance, counsel are directed to *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975) where the Court stated:

In determining whether summary judgment is appropriate the court must "look at the record ... in the light most favorable to ... the party opposing the motion...." *Poller v. Columbia Broadcasting System,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). Similarly the court must indulge all inferences favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Rogen v. Ilikon,* 361 F.2d 260, 266 (1st Cir.1966). These rules must be applied with recognition of the fact that it is the function of summary judg-

## I.

If, as counsel for a moving party, you know that even one of the facts essential to a motion for summary judgment is in dispute, you cannot properly file the motion. In accordance with Fed.R.Civ.P. 11, your signature on a motion is a certificate that to the best of your "knowledge, information, and belief there is good ground to support it." *See* Fed.R.Civ.P. 7(b)(2). If you know that some essential fact is in dispute, you cannot properly make this certificate, even if you believe that the evidence is heavily weighted in favor of a fact finding that would support your position.

In deciding a motion for summary judgment, a court cannot properly make findings on disputed issues of fact. It cannot weigh evidence. If evidence must be weighed, that must be done at trial, and the motion for summary judgment must be denied.

## II.

Also, a motion for summary judgment cannot be granted when, given the state of discovery, it is not yet certain whether essential assertions of fact made by the moving party will be genuinely in dispute. In these circumstances, a motion for summary judgment is premature. From the court's perspective, at least, it is a wasteful misuse of the time of counsel and the court for a party to file a motion for summary judg-

ment, in the time hallowed phrase, "to pierce formal allegations of facts in the pleadings...," *Schreffler v. Bowles,* 153 F.2d 1, 3 (10th Cir.1946), and to determine whether further exploration of the facts is necessary. *Briggs v. Kerrigan,* 431 F.2d 967, 968 (1st Cir. 1970).

Further, I adopt the very clear and detailed *Memorandum to Counsel* drafted by my colleague, Judge Robert E. Keeton, a copy of which is attached for counsel's use should motions for summary judgment be filed.

**1.** Fed.R.Civ.P. 12(b) authorizes the court to treat a motion to dismiss under Fed.R.Civ. 12(b)(6) for failure to state a claim upon which relief can be granted as a motion for summary judgment under Fed.R.Civ.P. 56 if matters outside the pleadings are presented to the court. For convenience both these motions and motions under Fed.R.Civ.P. 56 are herein referred to as motions for summary judgment.

ment before using requests for admissions or other discovery devices to ascertain whether the factual assertions on which the motion must be based are in dispute.

I have become concerned that counsel are in many instances filing early 12(b)(6) motions to dismiss that depend on factual assertions or motions for summary judgment, where they cannot demonstrate that no essential fact is in dispute. Perhaps this is done because they fear that the court or opposing counsel may assert that they have waived their opportunity to present such a motion. Fed.R.Civ.P. 56 makes it clear that motions for summary judgment may be filed later.

The purpose of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief. 5 Wright & Miller, Federal Practice and Procedure § 1356 (1969). If matters outside the pleadings are to be relied upon, the proper motion to be made is a motion for summary judgment under Fed.R.Civ.P. 56. The proper time for making a motion under Fed.R.Civ.P. 56 is when it is clear there are no genuine issues of material fact. In cases pending before me, I urge counsel to defer filing motions for summary judgment in every instance in which there is any doubt, before discovery is completed, whether some fact on which the legal argument for the motion is premised will be disputed. Unless I have entered a specific order to the contrary, a motion for summary judgment will be timely if filed before the expiration of 30 days after the date fixed for completion of discovery.

## III.

My comments in Part II above are not intended to discourage filing of an early motion for summary judgment, before expenses have been incurred in extended discovery, *if the motion is grounded on a legal theory under which the many factual controversies in the case are irrelevant.* If you file such a motion, however, it is improper, under Rule 11, to add to it other grounds as to which facts are, or as far as you can then tell may be, in dispute. You may file later a motion for summary judgment on those other grounds if it becomes apparent, after full discovery, that the essential facts on which they are based are not in dispute.

## IV.

In some instances adjudication of a controversy requires evaluative application of a legally defined standard to the "pure" facts in the case at hand.[2] These kinds of issues are sometimes referred to as mixed questions of law and fact; ordinarily these issues are not resolved by the court as determinations of law but instead are decided by the factfinder.[3] Whenever this is so, regardless of whether the factfinder is the judge or a jury, summary judgment cannot be granted unless reasonable factfinders correctly understanding the legally defined standard would necessarily come to the conclusion supporting the moving party's position. Thus, no reasonable ground exists for filing a motion for summary judgment in a case involving application of such a standard unless counsel believes there is reasonable ground for arguing that different factfinders, correctly under-

**2.** Negligence cases, for example, require the application of the standard of ordinary care to the "pure" facts. The factfinder (judge or jury) considers all the evidence of the circumstances and determines whether the conduct violated the standard. Though this determination is often referred to as a finding of fact, it differs essentially from a finding of "pure" fact, the kind of finding that determines what happened—the finding, for example, of the speed at which a car was proceeding. It requires the factfinder to exercise discretion in evaluating what happened

as well as finding which among conflicting versions of what happened is correct.

**3.** *Cf. Sweeney v. Board of Trustees of Keene State College,* 604 F.2d 106, 109 n. 2 (1979) ("clearly erroneous" standard of Fed.R.Civ.P. 52(a) applied on appeal to conclusions involving mixed questions of law and fact except where some indication exists that court misconceived legal standards).

standing the applicable legal standard, could not reasonably come to different conclusions on the issue.

## V.

Expressed another way, the central point stated in parts I–IV, *supra*, is that motions for summary judgment are supposed to present legal questions only. In deciding such motions, the court rules on questions of law only and *does not weigh evidence.* See O'Neill v. Dell Publishing Co., Inc., 630 F.2d 685, 687 (1st Cir.1980) (ultimate issue of "substantial similarity" in copyright case is mixed question of fact and law, not to be decided on summary judgment if evidence must be weighed).

## VI.

In the procedure prescribed in the attached procedural order, counsel for a party moving for summary judgment is asked to prepare a concise statement of the facts that are *undisputed and essential* to judgment on each legal theory advanced. In most instances, the facts that are essential to a single legal theory can be stated in a page or two. If, as the moving party, you are tempted to think that your case is one in which a longer statement is required, bear in mind that as you lengthen your *fact statement* you make it more and more likely that your opponent will find something in it to dispute *on factual grounds.* If your opponent does dispute *any part of* your statement of facts, you must either retract your assertion that this is an *essential* fact, or else you must establish that your opponent has *no evidence* (not just less weighty evidence than you have) to support the assertion that the questioned fact is one in genuine dispute. When the court has requested of you a concise statement of the *essential* and *undisputed* facts, the court is not likely to treat the fact as nonessential if you have not retracted your assertion that it is essential. Rather, the court is more likely to focus on the

question whether it is genuinely disputed, and *a genuine dispute on one essential fact defeats a motion for summary judgment.*

## VII.

Your case is one of many in which I am asking counsel to review pending motions for summary judgment to consider whether counsel believe they present *questions of law only* and *no questions of fact.*

If you are counsel for the moving party and are not prepared to certify that there is no genuine dispute as to any of the facts on which your legal theory is founded, please notify the clerk and opposing counsel, and your motion will be treated as withdrawn (without prejudice to your opportunity to renew it if, at a later time, you are able to certify that it then appears that there is no genuine dispute as to any of the facts on which your legal theory is founded).[4] Please give this notice on or before ————, ————.

If you are counsel for the opposing party and you contend there is genuine dispute as to some material fact, please file a brief statement identifying at least one material fact as to which there is dispute and, if possible, citing to affidavits, depositions, or other sources confirming the dispute. Please file this statement on or before ————, ———— [ordinarily one week after the date specified in the preceding paragraph].

Any counsel wishing the case set for a conference with the court before entry of the procedural order referred to in the next paragraph may so advise the clerk on or before the latter of the dates specified above.

If no communication from any of counsel is received on or before the latter of the above dates, the court expects to enter an order in the form attached, for the purpose of enabling the court, with the assistance

---

**4.** Withdrawal of a motion to dismiss under Fed. R.Civ.P. 12(b)(6) will not result in a waiver of the defense of failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(h)(2).

of counsel, to focus precisely on the legal theories at issue and the question whether there is any dispute as to any material fact.

_____
United States District Judge