José RAMÍREZ DE ARELLANO, et al., Plaintiffs,

v.

MUNICIPALITY OF SAN JUAN, et al., Defendants.

Civ. No. 86–1063(RLA).

United States District Court, D. Puerto Rico.

May 11, 1988.

**310**

Antonio E. Marichal, Hato Rey, P.R., for plaintiffs.

Juan G. Nieves Cassas, San Juan, P.R., Marta S. Arvelo López, Hato Rey, P.R., for defendants.

### OPINION AND ORDER

ACOSTA, District Judge.

Before us is co-defendant the Municipality of San Juan's ("municipality") motion to dismiss and/or for summary judgment arguing that Plaintiff has, as a matter of law, failed to allege facts sufficient to establish municipal liability under 42 U.S.C. sec. 1983 ("section 1983").[1] Plaintiffs responded to the motion by asserting that a proper section 1983 action against the municipality had been alleged and filed exhibits in support of their opposition. After careful review of the record in the light most favorable to plaintiffs, the court finds as follows.

### PROCEDURAL BACKGROUND

1. On June 26, 1986 the instant complaint was filed pursuant to 42 U.S.C. secs. 1983 and 1985 asserting that plaintiffs'[2] civil rights were violated when they were beaten, arrested and charged with several criminal offenses by three[3] municipal police officers ("municipal guards"). The complaint also charges that defendants[4] conspired to deprive plaintiffs of their constitutionally protected rights.

2. The complaint named the three officers involved as well as the municipality as defendants.

3. On September 12, 1986 the municipality moved for dismissal arguing that "[u]nder the most liberal scheme of interpretation, plaintiff's [sic] averments do not go beyond the language of vicarious liability or [of the] respondeat superior doc-

---

1. In relevant part, section 1983 reads as follows:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. * * *

2. There are three plaintiffs in this case: (a) José Ramirez de Arellano ("José Ramirez"), (b) Rafael Ramirez de Arellano ("Rafael Ramirez"), and (c) Jorge Mercado Blasini ("Mercado").

3. It appears from the arrest reports submitted by plaintiffs that one of the officers (one Velázquez) was a Commonwealth police officer and not a municipal guard as plaintiffs contend in their complaint. However, Velázquez is not named in the caption to the complaint and has not yet been served with process (a separate order on this matter shall be issued shortly). Additionally, the parties have stipulated that all defendants other than the municipality were municipal guards. *See* Pretrial Order, filed December 1, 1987, Docket No. 30, "Statement of all Uncontested Material Facts."

4. In the original and in the amended complaint plaintiffs write: "[t]hat the three co-defendants, Ferrer–Font, Ramos *and Velázquez* together conspired to deprive plaintiffs of their [constitutionally protected rights]." Original Complaint, Docket No. 1, para. 12, p. 4; Amended Complaint, Docket No. 7A, para. 13, p. 5. However, in the "Statement of Plaintiff's [sic] Legal Theory" section of the Pretrial Order, filed December 1, Docket No. 30, plaintiffs contend that defendants Ferrer, Ramos, *and the municipality* were the conspirators.

trine." Municipality's Motion and Brief Requesting Dismissal, filed September 12, 1986, Docket No. 6, p. 2.

4. On October 1, 1986 we granted the municipality's motion and dismissed the complaint. *See* Margin Order, Docket No. 6.

5. On October 24, 1986 plaintiffs requested leave to amend their complaint. Docket No. 7. On November 4, 1986 we granted the requested leave and vacated the dismissal of the complaint. *See* Margin Order, Docket No. 7. Contemporaneously with their motion, plaintiffs filed an amended complaint (Docket No. 7A) which added paragraph 11 setting forth the following claim against the municipality:

> That the above narrated acts performed by codefendants depriving plaintiffs of their constitutional rights under color of State Law, were performed while implementing official policies of the Municipality of San Juan. Knowingly, [sic, specifically?] first (1) That the municipal guards, [sic] acted with the purpose of implementing the "Ley de Tránsito de Puerto Rico" [Puerto Rico Traffic Law] and the Municipal Ordinance against parking of cars in [sic, along?] yellow lines; in addition to the interest of [sic, in?] compliance with the Municipal Ordinance regulating the schedule of loading and unloading; Second, [sic] that the guards under color of law proceeded to physically assault plaintiffs, and illegally [to] arrest them, depriving them of their liberty with the purpose of implementing the municipal official policy of subjecting, bringing or conforming citizens into obedience [sic] and while executing this official policy they exceeded or surpassed the bounds of such official policy and in such manner deprived the defendants of the above-said constitutional rights.

Amended Complaint, Docket No. 7A, pp. 4–5. This is the only paragraph of the complaint expressly setting forth a claim of municipal liability.

6. On November 25, 1987 the municipality moved to dismiss the amended complaint arguing that, at best, it asserted theories of vicarious liability and respondeat superior neither of which subject a municipality to liability under section 1983. *See* Docket No. 29. On December 3, 1987 the municipality also moved to dismiss the amended complaint alleging that, because a section 1983 action against it had not properly been alleged, we lack jurisdiction over the subject matter of the case. *See* Docket No. 31. Thus, both motions to dismiss are grounded on the argument that plaintiffs have failed properly to allege a section 1983 cause of action for municipal liability.

7. On December 21, 1987 plaintiffs opposed the municipality's motions. Plaintiffs' Opposition to Motion and Brief Requesting Summary Judgment, Docket No. 35. This opposition is thoroughly discussed below.

## FACTUAL BACKGROUND [5]

1. The municipality is a municipal corporation created pursuant to Puerto Rico law. It has the capacity to sue and to be sued.

2. The individuals who are co-defendants were at all relevant times municipal guards employed by the municipality.[6]

3. The Municipal Guard is a law enforcement unit created pursuant to the Municipal Guard Act, 21 L.P.R.A. sec. 1061 et seq. (1977).

4. On or about noon on July 1, 1985, in San Francisco Street in Old San Juan, Puerto Rico, defendant municipal guard Ricardo Ferrer–Font was on regular patrol when he spotted a car parked in a yellow no-parking zone in front of plaintiff Jose Ramirez' jewelry store. Parking in that spot violated both Commonwealth parking laws and municipal ordinances about loading and unloading hours in Old San Juan. As is commonly done, the guard used his whistle to indicate that he was about to issue a parking citation, whereupon, plain-

---

**5.** These facts are based upon the assertions in the complaint and the attachments to Plaintiffs' Opposition, discussed below, and to its "Motion Submitting Additional Documentary Evidence," filed December 21, 1987, Docket No. 34, and on the uncontested facts set forth in the Pretrial Order, filed December 1, 1987, Docket No. 30.

**6.** *See* footnote 3 *supra*.

tiff José Ramirez came from inside his store and talked to the officer. The guard informed Ramirez that the car was illegally parked and requested that he move the vehicle. José Ramirez refused, arguing that he was carrying valuable jewelry. A discussion ensued in which José Ramirez challenged the officer to issue a parking ticket and "be done with it." The officer told him that if he (José Ramirez) was going to get aggressive, he (the officer) would ask to see the car's registration and his driver's license. After more discussion, the guard attempted to arrest José Ramirez. A melee resulted which eventually involved Ramirez' brother (plaintiff Rafael Ramirez) and a store employee (plaintiff Mercado) as well as municipal guard defendant Orlando Ramos and Commonwealth police officer Velázquez who came to assist Ferrer.[7] Plaintiffs were eventually subdued, placed under arrest, "booked," charged with Aggravated Assault and Breach of the Peace, and presented before Judge Ana L. Font who found probable cause for the charges and released them in lieu of $400 bond upon each of them.

5. All charges against plaintiffs were eventually dropped.

6. Defendant Ferrer was later charged with assault as result of this incident. The charges are still pending.

7. Plaintiff José Ramirez required medical treatment for the injuries received during the arrest.

## DISCUSSION

In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986), the Supreme Court of the United States held that:

> * * * the plain language of Rule 56(c) (Fed.R.Civ.P.) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to a any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial * * *.

*See also U.S. Fire Insurance Co. v. Producciones Padosa, Inc.*, 835 F.2d 950 (1st Cir.1987). Additionally, "the purpose of summary judgment is not to explore all the factual ramifications of the case, but to determine whether such exploration is necessary," *Briggs v. Kerrigan*, 431 F.2d 967, 968 (1st Cir.1970); therefore, the party opposing summary judgment "may not rest upon mere allegations or denials of his pleading, but his response * * * must set forth specific facts showing that there is an issue for trial." Rule 56(e), Fed.R.Civ.P.; *Over the Road Drivers, Inc. v. Transport Ins. Co.*, 637 F.2d 816 (1st Cir.1980).

Municipal liability pursuant to section 1983 may only be established by proof that the violation of plaintiffs' civil rights was caused by the municipality's policy or custom. *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A single act by a lone municipal employee does not establish such policy or custom so as to render the municipality liable for damages under section 1983. *Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). However, it is the law of this Circuit that the "single incident" rule of *Tuttle* does not preclude a finding of municipal liability where the actions complained of entail several incidents, taking place over a short period of time, which were part of a single police operation (a car chase in this case) involving many municipal police officers. *Kibbe v. City of Springfield*, 777 F.2d 801 (1985) *cert. granted* 475 U.S. 1064, 106 S.Ct. 1374, 89 L.Ed.2d 600 (1986) *cert. dismissed* —— U.S. ——, 107 S.Ct. 1114, 94 L.Ed.2d 293 (1987) *rehearing denied* —— U.S. ——, 107 S.Ct. 1966, 95 L.Ed.2d 537 (1987).[8]

---

7. *But see* footnote 3 *supra.*

8. While this is clearly the law of this Circuit, its future appears uncertain. *See Kibbe*, 107 S.Ct.

■ Viewing the record in the light most favorable to plaintiffs for summary judgment purposes only, *see Poller v. Columbia Broadcasting System*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962), we find that they were physically attacked by the guards and that they did nothing to provoke or to defend themselves from the attack; that they were illegally arrested; that this was done under color of state law; that this deprived plaintiffs of their constitutionally protected rights; and that the municipality approved of the acts of police brutality by exonerating the guards in administrative proceedings and retaining them on the force after the incident.

Thus, in this case, we have an episode involving three law enforcement officers [9] who physically attacked plaintiffs and illegally arrested them. Plaintiffs do not ask us to draw any inferences as to policy or custom from the incident itself, as was the case in *Kibbe*, rather they base their claim on the argument that the municipality is liable because it approved the use of excessive force in this incident after the fact. In their words,

> "[t]he municipal guards chose to implement [the] Municipal policy [of enforcing Commonwealth traffic laws and municipal ordinances] in a way which deprived citizens of their constitutional rights and what [is] more important, *the Municipality sanctioned such methods of implementing official policy.*"

Plaintiffs' Opposition, p. 6 (emphasis added). Specifically, plaintiffs submit that the municipality "approved and sanctioned" the officers' conduct by exonerating them in administrative proceedings and concluding that they acted "consistent with law" in their encounter with plaintiffs. *Id.* at 5–7.[10] Additionally, plaintiffs argue that the municipality sanctioned the officers' actions by allowing them to remain employed as such *after* the alleged incident. *Id.*

They conclude that the municipality's conduct "in fact approved of and sanctioned [the officers' allegedly illegal] conduct." *Id.* Plaintiffs do not argue, nor have they presented any facts tending to show, that there was any municipal acquiescence in acts of police brutality *before* this incident. Nor do they submit that there have been incidents of municipal acquiescence in police brutality in incidents other than the one being complained of in this case. Moreover, they do not assert that there have been other incidents involving the same municipal guards who are defendants in this case. In short, plaintiffs seek to show a municipal custom of sanctioning and approving of police brutality by arguing that the municipality allegedly approved of their improper arrest after it had been made.[11]

Plaintiffs' claim must fail because they could not possibly show a causal connection between this single after-the-fact approval of alleged police misconduct and the deprivation of their constitutional rights. Plaintiffs have not even alleged, much less tried to support with facts, the notion that there is a pattern of municipal acquiescence in police brutality. Nor can we infer that there is such a pattern from this one incident. *See Voutour v. Vitale*, 761 F.2d 812, 820 (1st Cir.1985) *cert. denied* 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986) ("Even if we were to credit complaints of police brutality as well as complaints of other shootings, we cannot see that there is a pattern of police violence so striking as to allow an inference of supervisory encouragement, condonation, or even acquiescence." citations omitted).

Rule 56(c) requires that there be no *genuine* issue of *material* fact before summary judgment may be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Even when we view the record in

---

at 1116 (O'Connor, J. dissenting from the dismissal of the writ of certiorari).

**9.** *See* footnote 3 *supra.*

**10.** As evidence of the administrative acquittal, plaintiffs submit copy of a letter from the Commissioner of San Juan's Municipal Guard in-

forming their mother of the results of the administrative investigation.

**11.** Plaintiffs add that the municipality is liable on a conspiracy theory but state no facts whatsoever in support of such a claim. *See also* footnote 4 *supra.*

the light most favorable to plaintiffs, *see Poller, supra,* 368 U.S. at 473, 82 S.Ct. at 491, as discussed above, it is clear that they have failed to allege sufficient facts to establish a municipal policy or custom of encouraging or even tolerating police brutality. Therefore, the municipality's motion for summary judgment must be granted.

### CONCLUSION

Because plaintiffs have failed to show that they could establish municipal liability in this case, their claims against the Municipality of San Juan must be dismissed. Consequently, the municipality's motion requesting dismissal and/or summary judgment, filed November 25, 1987, Docket No. 29, is hereby GRANTED. Judgment shall be entered accordingly.

IT IS SO ORDERED.