**Sandy LIEBHARD, et al., Plaintiffs,**

v.

**SQUARE D COMPANY,
et al., Defendants.**

**No. 91 C 1103.**

United States District Court,
N.D. Illinois, E.D.

Dec. 23, 1992.

Robert D. Allison, Chicago, IL, Stanley Bernstein, Kreindler & Kreindler, Jules Brody, Stull, Stull & Brody, New York City, for plaintiffs.

David E. Springer, Joseph L. Fogel, Skadden, Arps, Slate, Meagher & Flom, John Donovan Lien, Dean M. Jeske, Foley & Lardner, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

This matter is before us upon the Defendants' objections to Magistrate Judge Lefkow's Report and Recommendation issued October 13, 1992, which recommended that the Defendants' Motion to Dismiss the claims of the option trader plaintiffs be denied. We review the Recommendation *de novo.* Fed.R.Civ.P. 72(b); *see E.E.O.C. v. Harris Chernin, Inc.,* 767 F.Supp. 919, 922 (N.D.Ill.1991). For the reasons set forth below, we adopt and approve the Magistrate Judge's Report and Recommendation.

## DISCUSSION [1]

This is a class action securities case. It essentially involves a claim that the Defendants affirmatively misrepresented the sta-

---

**1.** The facts are adequately set out in Magistrate Judge Lefkow's Report, and we need not repeat them herein.

tus of takeover negotiations involving Square D Company, an act which detrimentally affected the interests of the Plaintiffs, shareholders in Square D and traders in options on Square D Company Stock. *See* 15 U.S.C. § 78j(b); 15 C.F.R. § 240.10b–5. The Defendants moved to dismiss the claims of the option traders on the grounds that they lacked standing to sue under Rule 10b–5.

Though the question of option trader standing under Rule 10b–5 has divided the courts, the rift is not so wide nor deep as to be impassable. Rather, close analysis of the case law shows that the courts have largely adopted a unified approach on the issue of option holder standing where affirmative misrepresentation is alleged.

A leading case in this area is *Laventhall v. General Dynamics Corp.*, 704 F.2d 407 (8th Cir.), *cert. denied*, 464 U.S. 846, 104 S.Ct. 150, 78 L.Ed.2d 140 (1983). In *Laventhall*, the Eighth Circuit found that the plaintiff, an option holder, had no standing under Rule 10b–5 to pursue his insider trading claim for failure to disclose a pending cash dividend because no fiduciary duty to disclose that information existed between the corporate defendant and the plaintiff. *Laventhall*, 704 F.2d 407; *see also Data Controls North v. Financial Corp. of America*, 688 F.Supp. 1047 (D.Md. 1988), *aff'd without opinion*, 875 F.2d 314 (4th Cir.1989) (refusing to grant standing to option holders under 10b–5 where no affirmative misrepresentation alleged).

In so holding, the Eighth Circuit relied on the Supreme Court's seminal opinion in *Chiarella v. United States*, 445 U.S. 222, 100 S.Ct. 1108, 63 L.Ed.2d 348 (1980). *Chiarella*, another insider trading case, held that a failure to disclose material information does not violate federal securities laws unless the defendant is under a duty to disclose the information to the plaintiff. *Chiarella*, 445 U.S. at 225–230, 100 S.Ct. at 1113–15.

Two district courts have expanded *Laventhall*'s holding, and its reliance on *Chiarella*, beyond the context of insider trading/failure to disclose claims to bar option holders from suing on the grounds of affirmative misrepresentation. *See Bianco v. Texas Instruments*, 627 F.Supp. 154, 161 (N.D.Ill.1985) (Grady, J.) (stating that "[w]e do not agree that the distinction between affirmative misrepresentation and nondisclosure calls for a different rule as to the standing of options traders to sue under § 10(b)"); *Starkman v. Warner Communications*, 671 F.Supp. 297, 306–07 (S.D.N.Y.1987) (same). These courts have denied standing because of a lack of a fiduciary relationship between the option holder and the corporation and a reluctance to extend protection to the those who partake in the inherently risky business of options trading.[2]

We respectfully decline to follow these decisions,[3] believing their reliance on *Laventhall* and *Chiarella* to be misplaced. Both of those precedents were failure to disclose cases, where no claims of affirmative misrepresentation were made. Neither *Chiarella* nor *Laventhall* addressed the question of whether an option holder has standing to pursue an affirmative misrepresentation theory. In fact, Justice Powell's opinion in *Chiarella* carefully distinguished between misrepresentation and a failure to disclose. The Court noted that while a fraudulent statement intended to induce reliance is sufficient to constitute fraud, a failure to disclose is not actionable absent some fiduciary relationship between the parties. *Chiarella v. United States*, 445 U.S. 222, 227–28, 100 S.Ct. 1108, 1114,

---

**2.** On this point we mention that the Seventh Circuit has noted the benefits of futures trading, a process with risks similar to option trading, and pointed out that speculation of this type differs from gambling and serves a beneficial purpose. *See United States v. Dial*, 757 F.2d 163, 165 (7th Cir.), *cert. denied*, 474 U.S. 838, 106 S.Ct. 116, 88 L.Ed.2d 95 (1985) ("Commodity futures trading . . . enables the risk adverse to hedge against future uncertainties.").

**3.** Because we are not bound to follow Judge Grady's decision in *Bianco*, and respectfully decline to do so, the Defendants' argument that Magistrate Judge Lefkow was bound to follow the *Bianco* opinion is now moot. *Delgado v. Bowen*, 782 F.2d 79, 80–81 (7th Cir.1986) (district court retains final authority over determination of dispositive motions).

63 L.Ed.2d 348 (1980). Several courts have noted the distinction between failure to disclose and misrepresentation claims in the context of option holder standing. In *Deutschman v. Beneficial Corp.*, 841 F.2d 502 (3d Cir.1988), *cert. denied*, 490 U.S. 1114, 109 S.Ct. 3176, 104 L.Ed.2d 1037 (1989), a case factually similar to the present one, the Third Circuit declined to extend the reasoning of *Laventhall* to an affirmative misrepresentation setting. The claim brought by option holders in *Deutschman* alleged affirmative misrepresentations by the corporation, rather than insider trading. The plaintiffs alleged that they purchased options at prices that were "artificially inflated by the market's reliance on [the] defendants' misstatements." *Deutschman*, 841 F.2d at 504. The Third Circuit held that the issue of affirmative misrepresentation is distinct from the issue of insider trading, and presents a situation where the reasoning of *Laventhall* and the language of *Chiarella* do not apply. Specifically, the court distinguished *Chiarella* thusly:

> *Chiarella* ... involve[d] the question of when outsiders and nonfiduciaries will be treated as insiders or fiduciaries for purposes of the affirmative duty to disclose or refrain from trading.... Nothing in those opinions, however, can be construed to require the existence of a fiduciary relationship between a section 10(b) defendant and the victim of that defendant's affirmative misrepresentation.

*Id.* at 506.

The Third Circuit distinguished *Laventhall* as "simply not relevant" to the distinctive issue of affirmative misrepresentations affecting a market in securities. *Id.* at 507. With respect to the lack of a fiduciary relationship between the parties, a concern of the *Bianco* and *Starkman* courts, the Third Circuit said, "[n]o Supreme Court case and no Court of Appeals case has ever imposed a transactional nexus requirement in a section 10(b) affirma-

tive misrepresentation case." *Id.* Based on this reasoning, the court upheld the standing of option holders to sue on claims of affirmative misrepresentations.

Thus, on the precise issue of option holder standing on an affirmative misrepresentation theory, only *Bianco* and *Starkman* have held that an option holder has no standing to sue. The greater weight of authority has agreed with the Third Circuit and granted standing to option traders who allege affirmative misrepresentation.[4] *See Margolis v. Caterpillar, Inc.*, 815 F.Supp. 1150, 1154–56 (C.D.Ill.1991) (Mihm, J.) (option traders have standing in affirmative misrepresentation cases); *In re Adobe Sys. Sec. Litig.*, 139 F.R.D. 150, 154–55 (N.D.Cal.1991) ("The federal securities laws aim to insure that no investor, regardless of individual risk preferences, has to risk fraud."); *In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 725 F.Supp. 712, 743–44 (S.D.N.Y.1989) (citing *Deutschman* and holding option holders may sue for affirmative misrepresentation); *Tolan v. Computervision Corp.*, 696 F.Supp. 771, 775 (D.Mass.1988) (distinguishing *Laventhall* and upholding the standing of option holders to sue on claims of misrepresentation); *In re Digital Equip. Corp. Sec. Litig.*, 601 F.Supp. 311, 315 (D.Mass.1984) (stating that "[t]he better rule is one that recognizes that option holders have standing to sue for affirmative misrepresentations"); *Backman v. Polaroid Corp.*, 540 F.Supp. 667, 671 (D.Mass.1982) (option holders have standing to sue); *O'Connor & Assoc. v. Dean Witter Reynolds, Inc.*, 529 F.Supp. 1179, 1185–86 (S.D.N.Y.1981) (option holders have standing); *Lloyd v. Industrial Bio-Test Lab.*, 454 F.Supp. 807, 811 (S.D.N.Y.1978); *see also Moskowitz. v. Lopp*, 128 F.R.D. 624 (E.D.Pa.1989) (rejecting *Laventhall* and holding that option traders are owed a fiduciary duty by insiders and may sue them for failure to dis-

---

**4.** Though of no precedential value, it is of interest to note that a panel of the First Circuit has also taken the view that option traders have standing to sue on an affirmative misrepresentation theory. However, the opinion was later withdrawn pending a rehearing *en banc*, in which the claim was disposed of on other grounds. *Polaroid v. Backman*, 1990 WL 3832 (1st Cir.1990) (withdrawn pending rehearing *en banc*).

close); *O'Connor & Assoc. v. Dean Witter Reynolds*, 600 F.Supp. 702, 703–05 (S.D.N.Y.1985) (option traders had standing to sue on failure to disclose theory). Commentators have also supported this view. *See, e.g.*, Note, *Private Causes of Action for Option Investors Under SEC Rule 10b–5: A Policy, Doctrinal, and Economic Analysis*, 100 Harv.L.Rev. 1059, 1964–66 (1987) (granting option holders standing in affirmative misrepresentation cases furthers policy behind Rule 10b–5); Elizabeth A. Sacksteder, Note, *Securities Regulation for a Changing Market: Option Trader Standing Under Rule 10b–5*, 97 Yale L.J. 623 (1987) (distinction between failure to disclose and affirmative misrepresentation requires that option traders be allowed to sue for the latter); *see also* Langevoort, *Insider Trading and the Fiduciary Principle: A Post Chiarella Restatement*, 70 Cal.L.Rev. 1, 42 (1982) (no reason to distinguish between option traders and shareholders for purposes of disclosure); *cf.* William S. Kang, *A Cause of Action for Option Traders Against Insider Option Traders*, 101 Harv.L.R. 1056 (1988) (option traders may sue insider option traders under 15 U.S.C. § 78t(d)).

## CONCLUSION

We agree with Magistrate Judge Lefkow that the better rule allows option traders to sue upon claims of affirmative misrepresentation. We adopt and approve Magistrate Judge Lefkow's Report and Recommendation. The Defendants' Motion to Dismiss the claims of the options traders for lack of standing is denied.