Vito VINCE, Catalina Bergollo Vince, individually and on behalf of their conjugal partnership constituted between them; M & W All Weather Fence, Plaintiffs,

v.

POSADAS de PUERTO RICO, S.A., and/or d/b/a Condado Holiday Inn; American International Insurance Company of Puerto Rico; Andreas T. Meinhold, in his personal character as well as employee of Condado Holiday Inn; Glen Wickersham in his personal character as well as employee of Condado Holiday Inn, Defendants.

Civ. No. 84–2273 (RLA).

United States District Court,
D. Puerto Rico.

March 30, 1988.

George M. Torres López, San Juan, P.R., for plaintiffs.

Charles A. Cordero, Cordero Colon & Miranda, Old San Juan, P.R., for defendants.

## OPINION AND ORDER

ACOSTA, District Judge.

Plaintiffs brought this action pursuant to our diversity jurisdiction, 28 U.S.C. § 1332, seeking over one billion dollars in damages for defendants' alleged malicious prosecution.

Before the Court is a motion for dismissal and/or summary judgment filed by defendants. Plaintiffs, after several delays, prompted mostly by some discovery disputes[1], filed their opposition to defendants' motion. A reply followed.

Defendants argue that plaintiffs have not and cannot, as a matter of the applicable Puerto Rico law, prove a cause of action for malicious prosecution. Plaintiffs, in opposition, do little more than rest on their allegations.

The record is now complete and the Court is fully briefed and ready to adjudicate this matter.

## PROCEDURAL BACKGROUND

1. On September 12, 1984, plaintiffs filed the instant complaint alleging, in essence, that defendants "falsely, maliciously, and with no probable cause accused Vito Vince" of attempting to defraud the Condado Holiday Inn in violation of the Innkeeper's Law, 10 L.P.R.A. §§ 711–723, thereby unjustly causing Mr. Vince's arrest and incarceration. Defendants answered the complaint denying all liability.

2. On September 4, 1986, defendants filed a motion for dismissal and/or summary judgment[2] alleging that plaintiffs failed to state a cause of action for malicious prosecution upon which relief may be granted and/or that this Court lacked jurisdiction to entertain the claims of co-plaintiffs Catalina Bergollo Vince and the conjugal partnership because their damages did not exceed the jurisdictional amount required by law.

3. In their opposition, filed on August 31, 1987, plaintiffs allege that summary judgment is inappropriate insofar as they have established a cause of action for malicious prosecution, and thus, have raised a genuine issue of material fact.

4. Defendants replied to plaintiffs' opposition claiming that since only hearsay evidence was produced by plaintiffs in their opposition, a genuine issue of material fact was not established pursuant to Fed.R. Civ.P. 56(e) because it would be inadmissible in evidence if offered at trial. However, we reject defendants' argument and

---

**1.** In addition to the delays caused by disputes over the production of certain documents, the proceedings in this case were also stayed for several months to allow defendants' counsel to reproduce his legal files which were destroyed by a fire during the summer of 1987. *See* copy of order issued by Chief Judge Juan M. Pérez-Giménez imposing a ninety-day stay on all cases concerning defendants' law firm. (Dated June 5, 1987; docket No. 65.)

**2.** Given the various documents filed by the parties in their moving papers, we will, pursuant to Rule 12(b)(6), Fed.R.Civ.P., treat plaintiffs' motion as simply one for summary judgment. Rule 56, Fed.R.Civ.P., *King v. Williams Industries, Inc.,* 565 F.Supp. 321, 323 (D.C.Mass.1983).

will therefore consider the extrinsic evidence presented in plaintiffs' opposition. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (an opponent to a motion for summary judgment need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment).

We proceed to review the entire record in the light most favorable to plaintiffs.

## FACTUAL BACKGROUND

1. On or about August 26, 1983, Mr. Mohan Vyas Sanguida registered as a guest at the Condado Holiday Inn. From August 1983 to late January 1984, coplaintiff Vito Vince ("Vince") paid all monies owed for lodging, food, and services provided to Vyas (and Vince) by the Hotel. (Vince's Aff. pp. 1–3) The credit manager of the Hotel would communicate with Vince, who then proceeded to periodically make partial payments towards the Hotel debt incurred by Vyas and/or Vince. (Vince's Aff. p. 2; Pérez's Aff. p. 2). However, a pattern of late payments occurred.

2. By April 10, 1984 the rising hotel bill for room and services, for a three-month period, was $21,037.96. Throughout that period Vince repeatedly refused to pay the sums demanded by the Hotel and, according to Vince, he advised the credit manager in conversations held on late January and early March 1984, that he would not be responsible, after January 1984, for Vyas' account at the Hotel (Vince's Aff. pp. 2–3). Vince also states that he refused responsibility for the hotel bill because after late January 1984 he was not, despite many requests, an officially registered guest at the Hotel due solely to the lack of vacancies (Vince's Aff. pp. 2–3). However, it is undisputed that from February to April 1984, Vince and Vyas shared the same hotel room and jointly used the hotel services (Vince's Aff. pp. 2–3; Pérez's Aff. pp. 2–4).

3. After numerous unsuccessful attempts by defendants to collect the monies owed by Vyas and Vince for room and services provided by the Hotel, defendants informed the police of a potential violation of the Innkeeper's Law. On April 10, 1984, almost four months after Vince stopped making partial payments to the hotel, the police went to the Hotel to investigate Vyas and Vince's nonpayment of their hotel bill.

4. As a result of the above-mentioned police investigation, police agent Lucas Aponte (Badge No. 9380) pursuant to the Innkeeper's Law filed a criminal complaint ("denuncia") on April 10, 1984, against Vyas and Vince for their nonpayment of the sum of $21,037.96 owed for room and services provided by the Hotel.[3] Immediately afterwards, Vyas and Vince were taken by the police before a district court judge who determined that the evidence gathered by the police was sufficient to establish the existence of probable cause to arrest Vyas and Vince for violation of the Innkeeper's Law. The judge ordered the arrest of Vyas and Vince and set bail. At that time, neither Vyas nor Vince were able to post bail and thus the judge ordered their incarceration. At no time did the Hotel itself file a criminal complaint against either Vyas or Vince.

5. On May 10, 1984, at a preliminary hearing, another district court judge determined that the evidence gathered by the district attorney ("Fiscal") was sufficient to establish the existence of probable cause for trial against Vyas, but not against Vince, for violation of the Innkeeper's Law. The district attorney appealed to the superior court the decision of the district court judge regarding Vince. The superior court vacated the district court's decision and found probable cause for trial against Vince for violation of the Innkeeper's Law.

6. On June 15, 1984, the charges against Vyas and Vince were dismissed by the Superior Court of Puerto Rico, San Juan Part.

---

**3.** Contrary to plaintiffs' allegations, the criminal proceedings instituted against Vince only involved the monies owed for the room and services provided by the Hotel and did not involve the casino debt. The latter debt was the basis for an independent civil action filed by the Hotel in the Superior Court of Puerto Rico, San Juan Part.

7. On September 12, 1984, plaintiffs herein filed the instant action for damages for alleged malicious prosecution.

8. On June 14, 1985, Vyas filed suit against the Hotel, among others, for damages caused by the Hotel's alleged malicious prosecution. On May 5, 1987, this Court (Judge Fusté) found that the facts of the case entitled defendants to summary judgment because "... the mere *bona fide* reporting to the police of a *prima facie* violation of the law does not establish a tort cause of action...." The Court's judgment became firm and final on June 4, 1987.

## DISCUSSION

In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986), the Supreme Court of the United States held that:

> ... the plain language of Rule 56(c) (Fed. R.Civ.P.) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial....

In addition, "the purpose of summary judgment is not to explore all the factual ramifications of the case, but to determine whether such exploration is necessary," *Briggs v. Kerrigan*, 431 F.2d 967, 968 (1st Cir.1970); therefore, the party opposing summary judgment "may not rest upon mere allegations or denials of his pleading, but his response ... must set forth specific facts showing that there is an issue for trial." Fed.R.Civ.P. 56(e); *Over The Road*

*Drivers, Inc. v. Transport Ins. Co.,* 637 F.2d 816 (1st Cir.1980).

> Although a court may not weigh the evidence or make credibility determinations in granting summary judgment, the court may end a suit before trial if the court determines that, taking the facts and reasonable inferences therefrom in the light most favorable to the non-moving party, no reasonable juror could find for that party.

*Taylor v. Gallagher,* 737 F.2d 134, 137 (1st Cir.1984).

After viewing the record in the light most favorable to plaintiffs, *see Poller v. Columbia Broadcasting System,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962), we find that they will be unable to discharge their burden at trial of establishing the existence of at least one, if not more, of the elements essential to sustain their cause of action for malicious prosecution. Hence, summary judgment is appropriate. Fed.R.Civ.P. 56; *Santiago v. Group Brasil, Inc.,* 830 F.2d 413 (1st Cir. 1987) (Per Curiam); *Potterton v. Porter,* 810 F.2d 333, 334 (1st Cir.1987). And no further exploration of the facts (beyond the record) is necessary since there is no genuine dispute as to the material facts leading up to Vince's arrest. *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed. 2d 754 (1976).

To maintain an action for malicious prosecution plaintiff must prove *all* of the following elements:[4] (1) the criminal action was initiated and instigated by defendants; (2) the criminal action terminated in favor of plaintiffs; (3) defendants acted with malice; (4) defendants acted without probable cause; *and* (5) as a consequence plaintiffs suffered damages. Art. 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. 5141; *Raldiris v. Levitt & Sons of P.R., Inc.,* 103 D.P.R. 778 (1975); *Parés v. Ruiz,* 19 P.R.R. 323

---

**4.** Although the jurisprudence on malicious prosecution tends to list only four elements, the third is always whether or not defendant acted maliciously *and* without probable cause. Want of probable cause *or* malice precludes a cause of action, *see generally Parés, infra* at 329 ("while

there may be malice in the prosecution the defendant is not liable in civil damages unless there be also a lack of probable cause in the charge made by him."); therefore, we list these two elements separately for clarity.

(1913). *See also Ayala v. San Juan Racing Corp.*, 112 D.P.R. 804, 810 (1982).

After more than three (3) years conducting discovery, defendants are entitled to judgment as a matter of law because plaintiffs have failed, when put to the task by defendants' motion, to make a sufficient showing on at least one essential element of their action for malicious prosecution for which they have the burden of proof. The main element they have completely failed to support in their opposition is that defendants acted without probable cause.[5]

■ Where, as here, there is sufficient evidence to establish the existence of probable cause to arrest, plaintiffs' action for malicious prosecution is effectively barred. *Palhava De Varella-Cid v. Boston Five Cents Savings Bank*, 787 F.2d 676 (1st Cir.1986). In the instant case, the courts of Puerto Rico found probable cause to arrest and to initially process Vince. This finding of probable cause not only justifies defendants' actions in terms of reasonableness, but exonerates them of civil liability as well.

Under Puerto Rico law, the standard of probable cause in an action for malicious prosecution is whether or not the circumstances surrounding the arrest would cause a reasonable person to believe the charge made by defendants. *See Parés, supra* at 330. Worded differently, the issue is whether or not defendants acted reasonably in calling the police regarding Vince's nonpayment of his hotel bill.

In essence, the defendants, as the superior court later determined based on the same evidence, had probable cause to act the way they did, i.e., defendants were reasonably prudent, as was the police officer who filed the complaint against Vince, in suspecting that Vince was violating the Innkeeper's Law. The fact that the evidence was insufficient to convict Vince does not undermine the reasonableness of defendants' actions since the evidentiary standards for conviction are higher than those for arrest insofar as the Innkeeper's Law creates a *presumption* of fraudulent intent upon evidence that payment was demanded but not made whereas at trial the *actual* intent to defraud must be conclusively proven. 10 L.P.R.A. § 716(a) ("evidence that any person refused or neglected to pay for /hotel services/ on demand ... shall be deemed to constitute presumptive evidence of fraudulent intent.") *See also Palhava*, 787 F.2d at 679; Herminio Brau, *Daños y Perjuicios Extracontractuales*, page 111 (2nd ed. 1987) (the subsequent acquittal of defendant does not comprise evidence of lack of probable cause).

■ Although Vince vainly attempts to show a lack of probable cause by arguing that the Hotel had established a credit and payment relationship with him which essentially permitted him to make partial payments, the only evidence presented to support this, namely Vince's assertion that he told the Hotel that he would *no longer* be liable for the hotel bill for room services provided, is not sufficient to defeat defendants' motion. Not only is Vince's assertion self-serving and without support in the record, it also belies the fact that he made no payments, let alone partial payments, for hotel services he jointly enjoyed with Vyas for three months prior to their arrest. Nor does it address the fact that Vince still had a balance due from his *pre*-January 1984 use of hotel services. The undisputed fact that Vince and Vyas shared the same hotel room and jointly used the hotel services not only gives rise to a presumption that Vince assumed responsibility for payment of the hotel services received, jointly and severally with Vyas, but Vince's refusal and/or inability to pay the hotel bill, as requested on numerous occasions by de-

---

**5.** The evidence supporting the element of initiation or instigation is very slim as well. Although it could be broadly said as a very threshold matter that the criminal proceedings were initiated by defendants insofar as they called the police, they were simply complying with the law. *See Raldiris*, 103 D.P.R. at 781; *see e.g., Parés*, 19 P.R.R. at 327–328. Plaintiffs have presented no evidence to show that defendants were not reasonably concerned with the payment of the hotel bill and the possibility of a fraud action against the hotel account. We need not, however, discuss this issue any further since our holding regarding the element of probable cause disposes of the case.

fendants, constitutes presumptive evidence of the intention to commit fraud upon the Hotel pursuant to the Innkeeper's Law, 10 L.P.R.A. § 716(a). Plaintiffs have failed to set forth a scintilla of factual evidence to rebut either presumption. Moreover, Vince's argument that he was not an officially registered guest at the Hotel is of no consequence. The Innkeeper's Law prohibits "any person" from fraudulently refusing or neglecting to pay for hotel services. 10 L.P.R.A. § 716(a). In addition, the law defines a "guest" as including "not only those individuals who are registered at the hotel and to whom bedrooms are assigned but /also/ ... (2) any person entering the premises of a hotel with the intent of being a guest, whether or not he becomes said guest, and (3) any person found in the premises of a hotel with the purpose of enjoying the facilities provided for recreation and amusement...." Not only was Vince enjoying the facilities of the Hotel at all times, he has also admitted that he intended, at all times, to become an officially registered guest. (Vince's Aff. pp. 2–3)

Even if there are some discrepancies in the parties' interpretation of the facts regarding the element of probable cause, the Rule 56(c) standard, by its very terms, provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. The requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Here the material fact is that, pursuant to Puerto Rico law, defendants had probable cause to call the police and Vince's simple assertion that he had a credit line with the Hotel does not make a genuine issue of this material fact because even assuming such a credit line existed, debts must still be paid when demanded. 10 L.P.R.A. § 716(a). In the present case plaintiff admits that the

Hotel repeatedly demanded payment and that he did not pay. These demands made by the Hotel over an extended period at the very least gave Vince notice that whatever continuing credit line he thought he had, in fact no longer existed. Moreover, defendants' attempts to institute a payment schedule with Vince are not inconsistent with their later attempt to achieve payment in full once the schedule had obviously failed. In any case, the Innkeeper's Law authorizes a hotel to demand and receive immediately, under penalty of criminal prosecution, payment for services rendered regardless of a guest's expectations of credit. So long as that demand is made clearly and reasonably and a debt is valid and due, then a guest such as Vince must simply pay their bill. Defendants acted reasonably in attempting to secure Vince's payment of hotel services he was enjoying and they continued to act reasonably by notifying the police when their efforts to get Vince to pay his bill failed. The information provided to the police was true, and made with reasonable basis.[6] It is undisputed that Vince was sharing the hotel room with Vyas, and using the hotel services at all relevant times. When the police was contacted by the Hotel, Vyas and Vince owed in excess of $21,000.00 for food, services, and lodging. Once the competent authorities were informed that a reasonable basis existed to believe a felony (violation of the Innkeeper's Law) had been committed, the action taken by the police was not only beyond defendants' control, but did not entail any civil responsibility. *García Calderón v. Galiñañez Hnos.*, 83 P.R.R. 307, 309 (1961), *Jiménez v. Sánchez*, 76 P.R.R. 347 (1954). In addition, there exists a social interest in having a citizen inform the authorities about the commission of potential crimes. *Raldiris, supra*, 103 D.P.R. at 781; *Jiménez v. Sánchez*, 60 P.R.R. 406 (1942).

---

**6.** Plaintiffs argue that the information provided to the police by defendants was made in bad faith and without a reasonable basis because defendants refused to accept payment offered by a third party, on behalf of Vyas and Vince, in the form of a personal post-dated check. De-

fendants have the right to refuse anything but legal tender; a decision which does not give rise to an action for malicious prosecution. *See García v. Galiñañez Hnos, Inc.*, 83 P.R.R. 307 (1961).

We need not address the other elements necessary to maintain an action for malicious prosecution [7] since the record shows that plaintiffs will be unable to sustain their burden of proof at trial regarding the element of probable cause. Under the facts of this case, a juror can only reach but one conclusion, i.e., defendants acted with probable cause in calling the police to investigate Vince's nonpayment of his hotel bill. Defendants are entitled to summary judgment as a matter of law, *Ismert and Associates v. New England Mutual Life Insurance*, 801 F.2d 536 (1st Cir.1986); *Boston Five Cents Savings Bank v. Secretary of HUD*, 768 F.2d 5, 8 (1st Cir.1985) (if no reasonable person could differ about the issues in the case, there is no genuine factual issue left for the jury to decide); *Hahn v. Sargent, supra.*

## CONCLUSION

In accordance with the above, the complaint is DISMISSED with prejudice.

Accordingly, the arguments as to the lack of the jurisdictional amount contained in defendants' motion for summary judgment need not be reached.

IT IS SO ORDERED.

---

**7.** We do note, moreover, that malice is not presumed, nor can it be sustained when probable cause is determined. *Raldiris v. Levitt, supra;*

Herminio Brau, *supra,* pages 110–111. *See also, supra* note 4.