UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1662

JOSE A. RIVERA-MARCANO, ET AL.,

Plaintiffs, Appellants,

v.

NORMEAT ROYAL DANE QUALITY A/S,
(formerly NORMEAT-HOLDING & EXPORT),

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Perez-Gimenez, U.S. District Judge]

Before

Torruella, Circuit Judge,

Campbell, Senior Circuit Judge,

and Stahl, Circuit Judge.

Hector Cuebas Tanon with whom Vicente & Cuebas was on brief for
appellants.
Ivan R. Fernandez-Vallejo with whom Raymond E. Morales and Brown
Newsom & Cordova were on brief for appellee.

July 13, 1993


CAMPBELL, Senior Circuit Judge. The district court

granted summary judgment for appellee on appellants' claim of

malicious prosecution. Finding no error, we affirm.

I. I.

Appellant Jose A. Rivera Marcano ("Rivera") is the

sole owner and operator of J.A.R. Enterprises, Inc.

("J.A.R."), a brokerage and distribution firm in Puerto Rico.

Beginning in 1983, J.A.R. served as the exclusive broker in

Puerto Rico of the luncheon meat and other food products

manufactured by appellee Normeat Royal Dane Quality A/S

("Normeat"), a corporation with its principal place of

business in Denmark. Normeat normally shipped merchandise

to J.A.R. on a credit basis. J.A.R. would then transport the

merchandise to customers in Puerto Rico and bill them

directly. After customers paid J.A.R. usually by means of

checks made payable to either Normeat or J.A.R. J.A.R.

would deposit the money in its bank account, keep three

percent of the amount as a sales commission, and remit the

balance to Normeat. Ordinarily, J.A.R. had an account

payable to Normeat with an outstanding balance of hundreds of

thousands of dollars.

Sometime in 1987, Normeat's new management informed

Rivera that it would no longer extend credit for shipments to

J.A.R. and demanded immediate payment of J.A.R.'s outstanding

account balance of approximately $500,000. Rivera protested

-2-

the change, informing Normeat that the new policy

contradicted long-standing practice and created financial

difficulties for J.A.R. Negotiations between the parties

failed to resolve the dispute, and Normeat notified Rivera in

October 1987 that it would cease shipping merchandise to

J.A.R. and would proceed to collect all sums due through

appropriate legal channels.

Two years later, in June 1989, Ken Rasmussen,

deputy managing director of Normeat, gave a sworn statement

to a state prosecutor in the Puerto Rico Department of

Justice regarding Rivera's failure, as owner and operator of

J.A.R., to turn over one or more customer payments allegedly

belonging to Normeat. The record contains neither a copy of

Rasmussen's sworn statement nor anything else showing what

Rasmussen told the prosecutors. The Puerto Rico Department

of Justice conducted an investigation of the accusations,

although the extent of the investigation is not clear from

the record.

In September 1989, a Department of Justice attorney

filed criminal charges against Rivera in the Superior Court

of Puerto Rico, alleging six separate counts of aggravated

unlawful appropriation in violation of Article 166 of the

Puerto Rico Penal Code, 33 L.P.R.A. 42721 and two



1. 33 L.P.R.A. 4272 provides, in relevant part:

-3-

counts of forgery of documents in violation of Article

271, 33 L.P.R.A. 45912 all felonies. The charges

accused Rivera, in essence, of depositing in the J.A.R. bank

account six checks written by customers as payment for

Normeat merchandise and not transferring the payments, minus



Any person committing the offense
described in section 4271 of this title
[Unlawful Appropriation] shall be
punished by imprisonment for a fixed term
of ten (10) years, whenever the following
circumstances exist:
. . .
(b) Unlawfully appropriating the
property of another valued at two hundred
dollars or more; . . . .

33 L.P.R.A. 4271, referred to in section 4272,
provides:

Any person who unlawfully
appropriates, without violence or
intimidation, personal property belonging
to another person, shall be punished by
imprisonment for a term not exceeding six
months, a fine not exceeding five hundred
dollars, the penalty of restitution, or
any combination thereof, in the
discretion of the court.

2. 33 L.P.R.A. 4591 provides in relevant part:

Any person who, with the intent to
defraud another, falsely draws up, in
whole or in part, a document, instrument
or writ through which any right,
obligation or interest is created,
transferred, terminated or otherwise
affected, or who falsely alters,
counterfeits, suppresses or destroys a
genuine one in whole or in part, shall be
punished by imprisonment for a fixed term
of nine (9) years. . . .

-4-

J.A.R.'s sales commission, to Normeat.3 A Superior Court

judge found probable cause to issue an arrest warrant for

Rivera on all eight charges, and referred the case to three

different courts for preliminary hearings because the alleged

crimes took place in three different jurisdictions. Three

magistrates separately considered the charges and found

probable cause to proceed to trial on six of the eight

charges. One aggravated unlawful appropriation count and one

forgery count, both relating to a November 12, 1986 check for

$59,274.12 from a company called Mister Price, were dismissed

for lack of probable cause.4



3. The six counts of aggravated unlawful appropriation were
based on the following transactions:

1) a November 12, 1986 check for $59,274.12 from Mister
Price, Division of Belca Equipment Corporation, payable to
Normeat;
2) a November 22, 1986 check for $60,557.41 from Pueblo
International, Inc. payable to J.A.R.;
3) a December 29, 1986 check for $61,337.16 from Mister
Price payable to Normeat;
4) a February 10, 1987 check for $30,645.15 from Alba
Imports Corporation payable to J.A.R.;
5) a March 24, 1987 check for $58,674.96 from Alba
Imports payable to J.A.R.; and,
6) an April 22, 1987 check for $30,646.67 from Alba
Imports payable to J.A.R.

The two counts of forgery were based on the two checks made
payable to Normeat.

4. In the district court, appellants submitted copies of a
cancelled check purporting to show that J.A.R. did in fact
pay Normeat $57,495.90 for the Mister Price shipment a few
months after receiving the $59,274.12 check from Mister
Price.

-5-

The remaining counts were consolidated for trial at

the San Juan Superior Court. After one day of testimony on

February 21, 1990, the main prosecution witness, Rasmussen,

left Puerto Rico for Denmark and never returned to the

island. The prosecutor moved for dismissal of the criminal

charges, and the court granted dismissal with prejudice on

February 26, 1990. The dismissal is now final and

unappealable.

Rivera, along with his wife and their conjugal

partnership, brought this diversity action against Normeat on

November 26, 1990, in the United States District Court for

the District of Puerto Rico, seeking damages pursuant to

Puerto Rico tort law for the alleged malicious prosecution of

Rivera by Normeat. Normeat moved to dismiss for failure to

state a claim. See Fed. R. Civ. P. 12(b)(6). Because it had

numerous exhibits before it from both parties, the district

court treated Normeat's motion as one for summary judgment

and granted it on April 21, 1992. See Fed. R. Civ. P. 56.

Appellants now appeal from that final judgment.5

II. II.

We review summary judgment grants de novo, reading

the record in the light most favorable to the nonmoving

party. August v. Offices Unlimited, Inc., 981 F.2d 576, 580



5. The district court had diversity jurisdiction pursuant to
28 U.S.C. 1332(a)(2). This court has jurisdiction pursuant
to 28 U.S.C. 1291.

-6-

(1st Cir. 1992). To demonstrate the existence of a genuine

issue of material fact, plaintiffs must point to concrete,

admissible evidence. Id. Mere allegations, or conjecture

unsupported in the record, are insufficient. Id.

Under Puerto Rico law, a plaintiff, such as

appellant, alleging malicious prosecution bears the burden of

proof. Vince v. Posadas de Puerto Rico S.A., 683 F. Supp.

312, 315 (D.P.R. 1988); Par s v. Ruiz, 19 P.R.R. 323, 327

(1913). The four essential elements of the tort are: (1) the

criminal action was initiated and instigated by the

defendant; (2) the criminal action terminated in favor of the

plaintiffs; (3) the defendant initiated the action with

malice and without probable cause; and (4) as a consequence,

the plaintiffs suffered damages. Ocasio v. Rosa, 88 J.T.S.

42 (P.R. 1988); Par s, 19 P.R.R. at 327. The third element

may also be described as two separate elements because

plaintiffs must show both that the defendant acted with

malice and that he acted without probable cause. Vince, 683

F. Supp. at 315 & n.4. Failure to prove any element bars

recovery. Id. at 315-16; Torres v. Marcano, 68 P.R.R. 813,

817 (1948); Par s, 19 P.R.R. at 332.

The district court granted summary judgment for

appellee Normeat on the ground that nothing in the record

supports a finding that Normeat acted without probable cause.

"[P]robable cause for imputing the commission of a crime

-7-

consists in the fact that there are reasonable grounds

therefor, supported by circumstances which are sufficient to

warrant a reasonable belief that the defendant is the author

of the crime." Jim nez v. S nchez, 76 P.R.R. 347, 352

(1954); see Vince, 683 F. Supp. at 316; Par s, 19 P.R.R. at

331. Probable cause does not depend on the actual guilt or

innocence of the accused, but simply on whether the

circumstances are "sufficient to produce in the mind of a

reasonable person the belief that the charge he makes is

true." Par s, 19 P.R.R. at 331.

In respect to five of the six transactions,

appellants pointed to no evidence tending to establish that

Normeat lacked probable cause to accuse Rivera of

misappropriating and forging the alleged checks. The record

indicates that Rivera received those five checks from

customers and deposited them in the J.A.R. bank account, but

nothing shows that he forwarded the paid amounts, minus his

commission, to Normeat. In addition, the record shows that

the Department of Justice attorney, after an investigation,

found probable cause sufficient to file the charges against

Rivera, and a Superior Court judge found probable cause on

all eight charges sufficient to issue an arrest warrant for

Rivera. Three different magistrates, in separate preliminary

hearings, found that evidence on the counts related to these

five transactions was sufficient to send the case to trial.

-8-

Because appellants failed to produce any evidence that

Normeat lacked probable cause to prosecute Rivera based on

those five checks, appellants would not be able to maintain a

claim for malicious prosecution based on those charges.

Appellants instead focus on the two charges

dismissed after a preliminary hearing before a magistrate,

both of which were related to the November 12, 1986 check

from the Mister Price company in the amount of $59,274.12.

Appellants argue that Normeat lacked probable cause to accuse

Rivera of misappropriating and forging this particular check.

The record contains a cancelled check purportedly showing

that on February 13, 1987, J.A.R. paid Normeat $57,495.90,

the balance due for the shipment of goods to the Mister Price

company, and a sworn statement from Rivera asserting that

J.A.R. paid Normeat for the Mister Price shipment.

Whether and in what circumstances a plaintiff may

maintain a malicious prosecution action based on one

groundless accusation, when probable cause existed for one or

more other accusations made concurrently, has never been

addressed by the Puerto Rico Supreme Court. In other

jurisdictions, courts have permitted such actions if the

charges stem from different sets of facts and if all the

other elements of a malicious prosecution claim are

fulfilled. See, e.g., Posr v. Doherty, 944 F.2d 91, 100 (2d

Cir. 1991) (holding that plaintiff could maintain malicious

-9-

prosecution claim based on groundless charges of resisting

arrest and assault even if probable cause existed for

disorderly conduct charge); Singleton v. Perry, 289 P.2d 794,

799-800 (Cal. 1955) ("[P]laintiff, having shown that

defendant maliciously joined an unjustified charge with a

justified charge, does not have the further burden of showing

that her damage was specifically attributable to the

malicious prosecution as opposed to the prosecution which the

jury found was not malicious."); see also DeLaurentis v. City

of New Haven, 597 A.2d 807, 821-22 (Conn. 1991) (reviewing

cases). But see Ruff v. Eckerds Drugs, Inc., 220 S.E.2d 649,

651-52 (S.C. 1975) ("[A]n action for malicious prosecution

should not be available, where, as here, both charges arise

out of the same set of circumstances.").

In Rivera's case, even if he has presented evidence

sufficient to raise a genuine issue of fact concerning the

lack of probable cause for the two charges related to the

November 12, 1986 check from Mister Price, there is no

evidence to support the first essential element of malicious

prosecution: to wit, that Normeat, as opposed to the state

prosecutors, initiated and instigated these two particular

charges.6 See Raldiris v. Levitt & Sons of Puerto Rico,



6. The district court did not consider the issue of
instigation of the prosecution, but we are free to affirm on
any independently sufficient ground. Aunyx Corp. v. Canon
U.S.A., Inc., 978 F.2d 3, 6 (1st Cir. 1992), cert. denied,
113 S. Ct. 1416 (1993).

-10-

Inc., 103 D.P.R. 778, 3 P.R. Sup. Ct. Off'l Translations

1087, 1091-92 (1975). As discussed above, under Puerto Rico

law a malicious prosecution plaintiff must show that:

[the] defendant was actively instrumental
in the initiation of the prosecution
through some affirmative action by way of
advice, petition, encouragement or
pressure. To furnish information to a
prosecuting attorney does not by itself
constitute an instigation, since
generally in those cases the efficient
cause of the initiation of the
prosecution has been the initiative and
decision of the prosecuting attorney, in
the exercise of his discretion, after
having carried out the corresponding
investigation.

Jim nez v. S nchez, 76 P.R.R. at 351. Where the decision to

file charges is within the discretion of the prosecutor, it

is not sufficient for plaintiffs merely to show that the

defendant gave incomplete information to the prosecutor.

Plaintiffs must show that the incomplete information caused

or "compelled" the government authorities to file charges

against the plaintiff. Torres v. Marcano, 68 P.R.R. at 818-

20. Unless the defendant is shown to have knowingly provided

false information to the officials, "[t]he exercise of the

officer's discretion makes the initiation of the prosecution

his own and protects from liability the person whose

information or accusation has led the officer to initiate the

proceedings." Id. at 819 (quoting 3 Restatement (First) of

Torts 653(2), cmt.).

-11-

The record contains no evidence that Rasmussen or

other Normeat officials specifically instigated the charges

based on the November 12, 1986 check, nor that they were the

source of incomplete or false information to the state

officials on that item. The record indicates only that

Rasmussen gave a sworn statement to the prosecuting attorneys

regarding the failure of J.A.R. to turn over one or more

payments due to Normeat, a perfectly true statement insofar

as anything in the record shows. No actual copy of the sworn

statement appears in the record, nor is there an affidavit

from Rasmussen or a prosecutor indicating exactly what

Rasmussen told the prosecutors. Appellants concede that the

prosecutors conducted an investigation of J.A.R.'s dealings

with Normeat and that a Department of Justice attorney, not

Rasmussen, filed the formal charges in court against Rivera.

It is conceivable that the two charges related to the

November 12, 1986 check resulted from oversights or errors by

personnel within the Department of Justice rather than from

specific accusations relative to that check made by

Rasmussen. Appellants bear the burden of proof on the issue

but have put forward no concrete evidence to show that

Rasmussen gave inaccurate or incomplete information to the

authorities about this check nor that he coerced them into

filing the charges in question against Rivera. Consequently,

even if appellants raised a genuine issue regarding lack of

-12-

probable cause for the charges based on the November 12, 1986

check, appellants failed to raise a genuine issue over

whether Normeat initiated or instigated those two charges.

Appellants would be unable at trial to meet their burden of

proof on an essential element of their malicious prosecution

claim.7

Affirmed. Costs to appellee.



7. We have considered and find no merit in the rest of
appellants' arguments.

-13-