Wanda NEGRON–RIVERA,
Plaintiff, Appellee,

v.

Angel L. RIVERA–CLAUDIO, et al., Defendants, Appellees,

Maderas Tratadas, Inc., Defendant, Appellant.

No. 97–1872.

United States Court of Appeals, First Circuit.

Heard Nov. 2, 1999.

Decided Feb. 25, 2000.

Jeannette M. Lopez deVictoria with whom Pinto–Lugo & Rivera was on brief for appellant.

Erick Morales for appellee.

Before LYNCH, Circuit Judge, CAMPBELL, Senior Circuit Judge, and O'TOOLE,* District Judge.

CAMPBELL, Senior Circuit Judge.

The district court action from which this appeal is taken followed the filing and subsequent withdrawal by Puerto Rican authorities of a criminal complaint against plaintiff-appellee Wanda Negron Rivera ("Negron"). After the charges were withdrawn, Negron sued the police investigator and her employer, defendant-appellant Maderas Tratadas, Inc. (MTI), accusing the latter of malicious prosecution under Article 1802 of the Civil Code of Puerto Rico. A jury awarded Negron $500,000 on that claim. On appeal, MTI contends that the district court erred in rejecting its motions for judgment as a matter of law. We agree with MTI that there was insufficient evidence to support the jury's finding of malicious prosecution. Accordingly, we reverse.

## I. BACKGROUND

In February, 1990, Negron began working as a cashier at MTI. In August of that year, she went on vacation and was temporarily replaced by MTI employee Virginia Fernandez. Fernandez found a bundle of invoices marked with what appeared to be Negron's initials. Upon tallying the invoices, Fernandez discovered that the total

* Of the District of Massachusetts, sitting by designation.

amount of the invoices exceeded the amount of cash deposits made to the bank on the previous day. Fernandez reported this discrepancy to the director of the electronic data processing department.

MTI conducted an internal audit, which revealed that more than $50,000 had gone missing between May and August, 1990. On August 21, 1990, MTI employee Maritza Torres notified the police department that someone was stealing money from the company, and asked the police to investigate. MTI provided the police with documents that resulted from the internal audit. MTI did not name Negron as a suspect to the police.

MTI's complaint was referred to the Criminal Investigation Corps and was assigned to agent Angel Rivera Claudio for investigation. In the course of his investigation, Rivera Claudio consulted with the district attorney's office, reviewed MTI's internal documents, and interviewed several MTI employees. On August 22, 1990, while visiting MTI, he was told that earlier that day, an imbalance in Negron's cash register had been detected. The president of MTI, Luis Fernandez, asked Rivera Claudio to check Negron's purse for evidence relating to the missing monies; Rivera Claudio demurred, stating that he did not have grounds to do so and needed to "get some orientation" with the district attorney.

On September 25, 1990, after consultation with the district attorney, Rivera Claudio filed a criminal complaint of 116 counts of illegal appropriation against Negron. The complaint listed MTI employees as witnesses. On that date, a state court judge found probable cause to arrest Negron. On March 13, 1991, after a hearing, the court found probable cause to hold Negron for trial. Meanwhile, Campo & Strattis, an accounting firm, performed an additional investigation of the appropriations, and issued a report stating that MTI had lost more than $50,000.

On June 23, 1992, the criminal charges against Negron were dismissed, and Negron stipulated that she would not sue the government or MTI. The validity of that stipulation is in dispute.

On or about June 8, 1993, Negron filed a complaint in the District Court for the District of Puerto Rico against Rivera Claudio alleging constitutional violations pursuant to 42 U.S.C. § 1983, and against MTI alleging malicious prosecution under Puerto Rico law. MTI moved for summary judgment. The district court denied MTI's motion on March 14, 1997, stating only that there were material issues of fact precluding summary disposition.

The trial commenced on March 20, 1997. Among the disputed issues was Negron's assertion of a partial alibi. Negron contended that she was not working on seven of the 116 days that illegal appropriations were alleged to have occurred. MTI responded that, inter alia, there was evidence that Negron was working on those days, and that in any event, the remaining 109 charges of illegal appropriation were unaffected by her purported alibi. After Negron presented her case in chief, both defendants moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a). The district court allowed Rivera Claudio's motion, dismissing the federal claims against him, but denied MTI's motion to dismiss the state law malicious prosecution claim. MTI's motion for reconsideration was likewise denied, as was an additional motion for judgment as a matter of law following the presentation of MTI's case in chief. On April 16, 1997, the jury rendered a verdict in the amount of $500,000 against MTI. On May 13, 1997, MTI filed yet another motion for judgment as a matter of law and to set aside the jury verdict, which was denied. MTI appeals.

## II. *DISCUSSION*

█ We review the court's denial of MTI's motion for judgment as a matter of law de novo, but we examine the evidence and inferences therefrom in the light most hospitable to Negron, and may reverse the

denial of the motion only if reasonable persons could not have reached the conclusion that the jury embraced. *See Sanchez v. Puerto Rico Oil Co.,* 37 F.3d 712, 716 (1st Cir.1994).

■ Following the district court's dismissal of the section 1983 action against Rivera Claudio, the only claim remaining was that for malicious prosecution against MTI. Article 1802 of the Puerto Rico Civil Code requires a plaintiff to prove (1) the criminal action was initiated and instigated by the defendant; (2) the criminal action terminated in favor of the plaintiff; (3) the defendant initiated the action with malice and without probable cause; and (4) as a consequence, the plaintiff suffered damages. *See Rivera–Marcano v. Normeat Royal Dane Quality,* 998 F.2d 34, 37 (1st Cir.1993). "The third element may also be described as two separate elements because plaintiffs must show both that the defendant acted with malice and that he acted without probable cause." *Id.* MTI argues, inter alia, that the evidence on each of these elements was insufficient to support a verdict for Negron. Because the evidence was insufficient to establish even the first element, we go no further. *See id.*

■ Under Puerto Rico law, a plaintiff must show that the defendant actively instigated the prosecution, and "that it was not the authorities who on their own evaluation of the events decided to prosecute the plaintiff." *Raldiris v. Levitt & Sons of Puerto Rico, Inc.,* 103 D.P.R. 778, 781 (1975). In general, merely reporting the commission of an offense to the police is insufficient to impose liability. *See id.* The Puerto Rico Supreme Court explained:

[t]o furnish information to a prosecuting attorney does not by itself constitute an instigation, since generally in those cases the efficient cause of the initiation of the prosecution has been the initiative and decision of the prosecuting attorney, in the exercise of his discretion, after having carried out the corresponding investigation.

*Jimenez v. Sanchez,* 76 P.R.R. 347, 351 (1954); *see also Rivera–Marcano,* 998 F.2d at 38; *Vince v. Posadas de Puerto Rico, S.A.,* 683 F.Supp. 312, 317 (D.P.R. 1988).[1]

■ Here, Negron adduced insufficient evidence from which the jury could reasonably have determined that MTI instigated her prosecution or, indeed, that the decision to prosecute was made by anyone other than the government. The record indicates that the Puerto Rico police filed the criminal complaint against Negron after conducting their own investigation, reviewing the results, and consulting with the district attorney's office. MTI's role appears from the record to have been limited to reporting the illegal appropriation to the police, cooperating with the ensuing investigation, and providing testimony. These activities would not, without more, constitute the "initiation" or "instigation" of a criminal action within the meaning of Article 1802. *See* note 1, *supra.* To impose liability upon MTI in these circumstances would undermine the "social interest in having a citizen inform the authorities about the commission of potential crimes." *Vince,* 683 F.Supp. at 317 (citing *Raldiris,* 103 D.P.R. at 781).

To support her argument that the driving force behind her prosecution was MTI, not the police nor the district attorney, Negron points to the facts that Maritza Torres provided information to the police; that Rivera Claudio's answer to the complaint denied knowledge or information

---

1. It is conceivable, in a different case, that a defendant could "instigate" an otherwise independent prosecution by knowingly misleading the authorities through the provision of incorrect or incomplete information. *See Rivera–Marcano,* 998 F.2d at 38, and cases cited. Here, however, the record contains nothing to indicate that MTI knowingly furnished false information or deliberately withheld material information in order to indirectly instigate Negron's prosecution.

concerning Negron's specific job duties at MTI; and that Negron testified that she did not work on seven of the days on which illegal appropriations occurred.[2] Even when considered in the light most favorable to Negron, however, the foregoing do not by themselves suffice to establish that MTI actively instigated the prosecution of Negron. *See Raldiris,* 103 D.P.R. at 781.

■ Negron additionally contends that the fact that MTI's president, Luis Fernandez, asked Agent Rivera Claudio to check Negron's purse when monies had been discovered missing on that day "corroborates the inference that MTI instigated the criminal prosecution." As Rivera Claudio thereafter declined to search Negron's purse, however, we fail to see that this evidence supports Negron's suggestion that the police blindly did MTI's bidding. Rather, Rivera Claudio's refusal suggests that the agent was exercising his own initiative and discretion while conducting the criminal investigation, and that MTI's role in the subsequent decision of the district attorney and police to prosecute was subordinate.

Because Negron's failure to adduce sufficient evidence that MTI initiated and instigated the criminal action defeats her malicious prosecution claim, *see Rivera–Marcano,* 998 F.2d at 37, we need not and do not reach the other issues presented on appeal.

*Reversed.*

---

2. As evidence at trial that Negron in fact worked on the days in question, MTI presented punched time cards and canceled pay checks for those dates that bore her initials or signature.