José Torres DUEÑO, et al, Plaintiffs,

v.

**UNITED STATES of America, Defendant.**

**No. CIV. 00–1894(HL).**

United States District Court, D. Puerto Rico.

July 11, 2001.

Ramon L. Walker–Merino, San Juan, PR, for plaintiff.

Michael Walleisa, Asst. U.S. Atty., Miami, FL, Steven M. Yarosh, Torts Branch, Civ. Div., Washington, DC, Matthew L. Zabel, U.S. Dept. of Justice, Washington, DC, Alison Barnes, Torts Branch, Civ. Div., Washington, DC, for U.S.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is the Government's motion to dismiss pursuant to Federal Rules 12(b)(1) and 12(b)(6). Plaintiffs are José Torres Dueño ("Torres") and his four children.[1] Torres brings this action against the United States of America under the Federal Tort Claims Act ("FTCA").[2] His claim arises out of an earlier criminal prosecution brought by the Government against him and two other individuals for alleged violations of federal tax laws.[3] The criminal case, which was heard by Judge Cerezo, went to trial in 1999. In the middle of the trial, the Government announced that it had discovered in its possession an exculpatory document and that as a result it was moving to dismiss all the charges with prejudice. The defendants consented and the case was dismissed. *See United States v. Nogueras–Cartagena,* 1999 WL 544752 (D.P.R. June 25, 1999). Torres then initiated the present claim.

The Government moves for dismissal of part of Torres' claim pursuant to Rule 12(b)(1) and for dismissal of the rest of the claim pursuant to Rule 12(b)(6). In ruling on a motion to dismiss under Rule 12(b)(6), a court takes all well-pleaded alle-

---

1. Because the children's claims are derivative of those of their father, the Court will, in the interest of conciseness, refer in this opinion only to Torres.

2. 28 U.S.C.A. § 1346(b) (West 1993 & Supp. 2000) & §§ 2671—2680 (West 1994).

3. Crim. no. 96–104(CCC).

gations to be true and draws all reasonable inferences in the plaintiff's favor. *Rogan v. Menino,* 175 F.3d 75, 77 (1st Cir.1999). The standard to be used in a Rule 12(b)(1) motion depends on the nature of the movant's argument. *See Valentin v. Hospital Bella Vista,* 254 F.3d 358, 362–366 (1st Cir.2001); *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir.1996); *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 890–91 (3rd Cir.1977). Where, as here, the movant accepts the plaintiff's version of the jurisdictional facts but contests their sufficiency for establishing jurisdiction, the court subjects the complaint to the same review as it would for a Rule 12(b)(6) motion. That is, the court credits the plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences in his favor. *Valentin,* 254 F.3d at 363–364; *Pejepscot Indus. Park, Inc. v. Maine Cent. R.R.,* 215 F.3d 195, 197 (1st Cir.2000).

The indictment in the criminal case charged Torres with conspiring to defraud the United States by impeding the IRS' collection of taxes, in violation of 18 U.S.C. § 371; with representing his co-defendant before the IRS with the intent of influencing the agency's handling of matters regarding the co-defendant, in violation of 18 U.S.C. §§ 2 and 207(a); and with corruptly endeavoring to impede the IRS' efforts to collect tax penalties from his co-defendant, in violation of 26 U.S.C. § 7212(a).[4]

Torres alleges the following in his complaint: that he had worked in the "highest position" of the Internal Revenue Service's Puerto Rico office; that the IRS and FBI agents who appeared before the grand juries in the criminal case submitted incomplete and erroneous evidence; that he was arrested at his home by IRS and FBI agents using an "unusual display of force including a large number of agents with rifles and other arms"; that the alleged facts in the indictment were incomplete, insufficient, and incorrect; that IRS and FBI agents were negligent and derelict in their handling of the case file and evidence; that these agents were grossly negligent in their investigation; that the Government is liable for the intentional and tortious acts committed by these agents while they carried out their investigative and law enforcement duties, including executing a search, seizing evidence, and making an arrest; and that he suffered serious mental anguish as a result of the intentional and negligent infliction of emotional distress by these government agents. These allegations can be boiled down to the following three claims: that FBI and IRS agents were negligent in investigating this case and in handling its evidence; that the agents used an excessive display of force in his arrest; and that they maliciously prosecuted him. The Court reads these first two claims to be ones that the agents were negligent.

The Government argues that Torres' claims of negligence are barred by the FTCA's discretionary function exception and that this Court therefore lacks jurisdiction to hear them. The Government further argues that the complaint fails to state a malicious prosecution claim. Torres has opposed the motion to dismiss. For the reasons set forth below, the Court grants the Government's motion.

**DISCUSSION**

1. *Claim of negligence in the investigation and in the handling of files and evidence*

▮ The Government argues that Torres' claim that the IRS and FBI agents acted negligently in their investigation of

4. Docket no. 16, exhibit A.

his case and in the handling of the files and evidence is barred by the discretionary function exception of the FTCA. Under the FTCA, the United States is liable for the acts or omissions of a government employee acting within the scope of his office if a private person would be liable for the same acts or omissions under the law of the place where the injury occurred. 28 U.S.C.A. § 1346(b); *Shuman v. United States,* 765 F.2d 283, 288 (1st Cir.1985). There are a number of exceptions to this waiver of the Government's sovereign immunity. *See* 28 U.S.C.A. § 2680. In the present case, the Government invokes the discretionary function exception which bars

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

*Id.* § 2680(a). In determining whether this exception is applicable, the court first identifies the government conduct at issue and then determines whether the conduct was discretionary. *Irving v. United States,* 162 F.3d 154, 162 (1st Cir. 1998). The conduct of which Torres complains is the IRS and FBI agents' investigating his case and handling the file and evidence. He claims the agents were negligent in their performance of these duties. The decision to investigate or prosecute an individual falls squarely within the discretionary function exception. *Horta v. Sullivan,* 4 F.3d 2, 21 (1st Cir.1993) ("[A]lthough law enforcement agents have a mandatory duty to enforce the law, decisions as to how best to fulfill that duty are protected by the discretionary function exception to the FTCA."); *Kelly v. United States,* 924 F.2d 355, 362 (1st Cir.1991) ("Since decisions to investigate, or not, are at the core of law enforcement activity, the bureau chiefs' challenged conduct involved precisely the kind of policy-rooted decisionmaking that section 2680(a) was designed to safeguard."). Additionally, the decision on how to carry out the investigation is also protected. *Horta,* 4 F.3d at 21; *see also Sloan v. United States Dep't of Hous. and Urban Dev.,* 236 F.3d 756, 762 (D.C.Cir.2001) ("[T]he sifting of evidence, the weighing of its significance, and the myriad other decisions made during investigations plainly involve elements of judgment and choice."); *Sabow v. United States,* 93 F.3d 1445, 1453 (9th Cir.1996); *Pooler v. United States,* 787 F.2d 868, 871 (3rd Cir.1986) ("Congress did not intend to provide for judicial review of the quality of investigative efforts."); *Doherty v. United States,* 905 F.Supp. 54, 56–57 (D.Mass.1995); *Reeves v. United States,* 809 F.Supp. 92, 95 (N.D.Ga.1992), *aff'd,* 996 F.2d 1232 (11th Cir.1993) (Unpublished table case). Therefore, Torres' claims that the IRS and FBI agents negligently investigated his case and handled its evidence are barred by the discretionary function exception.[5] Accordingly, this

---

**5.** In his opposition to the motion to dismiss, Torres cites to two cases in support of the proposition that law enforcement agents are not protected by the discretionary function exception. The cases he cites, however, involved claims of malicious prosecution. *See Sutton v. United States,* 819 F.2d 1289, 1290– 98 (5th Cir.1987); *Wright v. United States,* 719 F.2d 1032, 1033 (9th Cir.1983). The Government has only raised the discretionary function defense with regard to Torres' claims of negligence by the law enforcement agents. The Court addresses Torres' claim of mali-

Court lacks jurisdiction to hear his claims of negligence.[6]

### 2. Claim of malicious prosecution

 Torres also brings a claim for malicious prosecution by the IRS and FBI agents. The United States argues that his complaint fails to state a claim for malicious prosecution. For a claim of malicious prosecution under Puerto Rico law, the plaintiff must show that (1) the defendant initiated and instigated a criminal case against him; (2) the defendant initiated the case with malice and without probable cause; (3) the criminal case was terminated in favor of the plaintiff; and (4) the plaintiff suffered damages as a result. *Negron–Rivera v. Rivera–Claudio*, 204 F.3d 287, 290 (1st Cir.2000). This second element has two distinct sub-parts: plaintiff must show both that the defendant acted with malice and that he acted without probable cause. *Id.* (quoting *Rivera–Marcano v. Normeat Royal Dane Quality*, 998 F.2d 34, 37 (1st Cir.1993)). For purposes of a malicious prosecution claim, the existence of probable cause does not depend on whether or not the offense was actually committed; probable cause exists if there was a suspicion based upon circumstances sufficiently strong to justify a reasonable belief that the charge is true.

*Abreu–Guzman v. Ford*, 69 F.Supp.2d 274, 285 (D.P.R.1999), *aff'd*, 241 F.3d 69 (1st Cir.2001).

 In its motion to dismiss, Defendant focuses its argument on the third element. This argument is well-founded. Torres' complaint lacks any specific allegations that the IRS and FBI agents acted with malice. Although he does refer to intentional acts and omissions of law enforcement agents, he does not provide any specificity as to what these acts and omissions were. The complaint also fails to allege that these agents acted without probable cause. The complaint is so lacking in specificity that the Court is therefore unable to draw any reasonable inferences that Torres has sufficiently stated a claim that the agents acted with malice and without probable cause. Accordingly, his claim of a malicious prosecution is dismissed.

The Court does grant Torres leave to amend his complaint to adequately plead a claim of malicious prosecution. Because the Court has determined above that it lacks jurisdiction to hear claims of negligence by the IRS and FBI agents, Torres should limit any amendment to claims of malicious prosecution. The amended complaint must be filed by **August 15, 2001**.

---

cious prosecution in part 2. of this opinion and order.

**6.** Torres also claims that law enforcement agents used an excessive show of force when they arrested him. The Court considers this claim to be part of his claim that the agents were negligent in their handling of his case. To the extent that the alleged excessive show of force constitutes a separate claim, it too falls within the discretionary function exception. *See Flax v. United States*, 847 F.Supp. 1183, 1191 (D.N.J.1994) (Agents' decision on how to apprehend alleged perpetrators was protected by discretionary function exception); *Amato v. United States*, 549 F.Supp. 863, 866–67 (D.N.J.1982) (Decision of when and how to arrest perpetrators was a discre-

tionary function), *aff'd*, 729 F.2d 1445 (3rd Cir.1984) (Unpublished table case). Thus, whether the claim of an excessive show of force is treated as a separate cause of action or as part of Torres' overall claim of negligence in the handling of his case, the claim is barred by the discretionary function exception.

The manner in which the arrest was carried out is protected by the discretionary function exception. However, the allegations describing the arrest, if true, are troubling. Given the nature of the offenses charged, none of which involved violence, such a display of force hardly seems warranted. The Court expects federal law enforcement agents to be more discrete in handling such situations.

76

If Torres does choose to file an amended complaint, he should sufficiently specify the nature of his malicious prosecution claim. *See Sutton*, 819 F.2d at 1299 (Requiring plaintiff bringing a malicious prosecution claim under the FTCA to plead specific facts with sufficient particularity to establish all the necessary elements). For example, the indictment in the criminal case charged Torres in three of the five counts. Any amended complaint should specify for which of these counts is he bringing his claim, what conduct by the agents was done with malice, and what facts establish a lack of probable cause. Torres should bear in mind that if the IRS and FBI agents could have had an objectively reasonable belief that there was probable cause that Torres engaged in the conduct charged in the indictment, no claim for malicious prosecution may proceed. *See Abreu–Guzman v. Ford*, 241 F.3d 69, 75–76 (1st Cir.2001). If Torres does not file an amended complaint by August 15, 2001, the Court will enter judgment dismissing this case.

WHEREFORE, the Court **grants** the motion to dismiss (docket no. 16).

**IT IS SO ORDERED.**